May Term, 1847.

CAIN
v.
GUTHRIE.

---

## CAIN v. GUTHRIE.

If a party desire to rescind a contract on the ground of mistake or misrepresentation, he should promptly communicate the facts on which he relies, and his intention to rescind, to the opposite party.

ERROR to the *Madison* Circuit Court.

SMITH, J.—This was a bill in chancery filed by *William Guthrie* against *John Cain*. The plaintiff alleges that on the 16th of *June*, 1838, he was a resident of the state of *Ohio* and was making preparations to move with his family to *Indiana;* that on that day he purchased of *Cain* a certain tract of land in *Madison* county with the purpose of settling upon it; that he paid *Cain* 200 dollars in hand, and gave his note for 150 dollars payable in one year from date with ten *per cent.* interest; that *Cain* made him a title-bond conditioned for a conveyance of the land on the payment of the note; that *Cain* made divers false and deceptive representations respecting the quality, location, and description of the

Tuesday, June 22.

land to the plaintiff, at the time of the sale, to induce him to make the purchase; that after he had thus purchased the land, the plaintiff moved with his family to *Madison* county, and on his arrival in the neighborhood immediately went to examine it, and found to his surprise that it did not correspond with the representations made by *Cain.* The plaintiff further alleges that *Cain* assigned the note for 150 dollars to one *Wood*, and that the latter, at the *August* term of the *Madison* Circuit Court in 1841, obtained a judgment upon it against the plaintiff, by default, in an action of assumpsit.

*Cain* answered, admitting the sale of the land, the payment of 200 dollars, part of the purchase-money, the execution of the note, its assignment, and the delivery of the title-bond, but denying the false representations.

The Circuit Court, in accordance with the prayer of the plaintiff, decreed a rescission of the contract for the sale of the land; that *Cain* should refund to *Guthrie* the 200 dollars paid by the latter with interest; and that the former should also pay into the clerk's office of the *Madison* Circuit Court the amount of the judgment obtained by *Wood* as assignee of said note, to be paid over to *Wood* in satisfaction of the judgment; and that for the enforcement of the decree execution should issue, &c.

Applications to a Court of equity for the exercise of its jurisdiction to rescind a contract, are addressed to its sound discretion, but such discretion must be exercised in conformity with established principles. A contract will not in general be rescinded, unless the contracting parties can be restored to the same situation occupied by them respectively when the contract was entered into, nor unless the application for a rescission be made within a reasonable time. If a party desires to rescind a contract on the ground of mistake or misrepresentation, he is bound to be prompt in communicating the facts upon which he relies to the opposite party, and also his intention to rescind. *Johnson* v. *M^cLane*, 7 Blackf. 501.— *Shaeffer* v. *Sleade*, *Id.* 178.—*Boyce's Ex'rs* v. *Grundy*, 3 Peters, 210.—*Lawrence* v. *Dale*, 3 Johns. C. R. 23.—*M^cNeven* v. *Livingston*, 17 Johns. 437.—*Masson* v. *Bovet*, 1 Denio, 69.

In this case, the bill was not filed until nearly four years after the date of the contract sought to be rescinded, nor is

there any reason assigned why the application was so long delayed. If there had been such misrepresentations as to warrant the plaintiff in regarding the contract as fraudulent, he should have promptly given *Cain* notice of his intention to rescind. It seems, however, that he made no complaint that the land did not answer the description which had been given of it at the time of the purchase, until after a judgment had been obtained against him on the note, and this judgment was not rendered until about two years after the note was due.

We, therefore, think the plaintiff has not brought himself within the rules which Courts of equity have prescribed with respect to this kind of relief, and that there is consequently no equity in the bill.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*W. Quarles*, for the plaintiff.
*J. Smith*, for the defendant.