(3) Counsel for the appellee made the following points : 1. The main question below was one of fraud. It was fairly before the jury on the evidence, and it was for them alone to decide it. 8 Pet. 244. 2. The vendor of a chattel in possession at the time of the sale, warrants the title. 2 Kent, Com. 477, 478, 5th ed. And the appellant, claiming the horse in controversy, (which was given in exchange by *Harris* to *Cully* for the horses sold on execution,) under an assignment from *Cully* fraudulent upon its face—(see 2 Comst. 365) does not occupy the position of a *bona fide* purchaser, and can claim no right that *Cully* could not, were he still in possession of the horse. *Root* v. *French*, 13 Wend. 570.

---

## GAAR *v.* LOCKRIDGE.

A contract to convey or cause it to be done, is the same as a contract to convey, by the obligor, unless it is stipulated that the title is to be made by a third party.

A vendor's estate in land, contracted to be sold, but not conveyed, is subject to the lien of a judgment obtained against the vendor after the contract of sale, for the amount of the purchase-money unpaid.

But the vendee may pay the balance in satisfaction, as far as it will go, of the judgment, and no inadequacy of price being shown, the lien will be discharged; and where this can be done without loss to the vendee, the incumbrance is no defense to a promissory note for purchase-money.

*Semble*, that the obligee of a title-bond, in possession, cannot resist the payment of a promissory note for purchase-money, on breach of the condition of the bond, unless he offer to surrender the bond, give possession, and account for rents and profits.

May Term,
1857.

GAAR
v.
LOCKRIDGE.

Wednesday,
May 27.

APPEAL from the *Hendricks* Court of Common Pleas.

GOOKINS, J.— *Garr*, the appellant, brought this action against *Lockridge*, the appellee, upon a promissory note for 190 dollars, dated *March* 8, 1852, due *April* 1, 1853, payable to one *Kennedy*, and by him indorsed to the plaintiff.

The note stated that it was given for the balance of the purchase-money of lot No. 7, in block No. 27, in the town of *Danville*.

The defendant answered in two paragraphs. The first alleges that at the time of executing the note, *Kennedy*

---

NOTE.—The judgment in this case was reversed by the Circuit Court; but after the decision in *Langdon* v. *Applegate*, 5 Ind. R. 327, that an appeal does not lie from the Common Pleas to the Circuit Court, an appeal was taken to this Court. So much of the opinion of Hon. *Stephen Major*, the circuit judge, as touches the points discussed in the opinion of Judge *Gookins*, is appended.

" The defendant contends that a judgment which was rendered in the *Hendricks* Circuit Court, in *September*, 1853, for 1,500 dollars, after the sale to *Lockridge*, is a lien on the lot, to the extent of the unpaid balance of the purchase-money. This objection is not sufficient to defeat the plaintiff's recovery.

"*Kennedy* was under no obligation to tender a deed to *Lockridge*, to entitle him or *Gaar* to a recovery on the note; and until *Lockridge* places himself in a position entitling him to a deed, he cannot be permitted to say that *Kennedy* cannot make or cause to be made to him, a deed to the lot free from incumbrance. To entitle *Lockridge* to a deed, he must pay, or offer to pay, the amount of the note, and upon doing so, and then demanding a deed, he might be able to set up the decree in favor of *Sarah Kennedy* in bar of a recovery on the note; but without such tender he could not plead such incumbrance.

" The judgment is but a lien on the lot to the extent of the unpaid purchase-money; and its application to the judgment of *Sarah Kennedy*, would, perhaps, discharge the lot of the judgment lien.

" The fact that *Kennedy* conveyed the lot, and also the note, to *Gaar*, makes no difference."

made to the defendant a title-bond, with condition that, on payment of said note, he would convey said lot to the defendant by deed in fee, clear of all incumbrances; that he was ready on the first day of *April*, 1853, to accept the conveyance and pay the purchase-money, but the said *Kennedy* did not then, or at any time previous, convey or offer to convey said lot.

The second paragraph is like the first, with the additional averments, that *Kennedy* did not offer to convey before or after the note became due, but at the time he assigned the note to the plaintiff, he conveyed the lot to him, who afterwards tendered a deed to the defendant, which he refused to receive, because the lot was encumbered by an estate for life in one *Sarah Kennedy*, and by a judgment rendered at the *September* term, 1853, of the *Hendricks* Circuit Court against the plaintiff's assignor, which was replevied by the plaintiff.

The reply to the first paragraph of the answer, denies the contract to convey, as stated by the defendant, and says that *Kennedy* was to convey the lot, or cause it to be conveyed, on payment of the purchase-money, and on the reasonable request of the defendant; and that because he did not pay said money, nor make such request, he did not offer to convey.

The reply to the second paragraph states the contract in the same manner, and avers that, before the commencement of the suit, he tendered to the defendant a conveyance of the lot; that there was no incumbrance on the lot at the date of the title-bond; denies that *Sarah Kennedy* has any life estate in the lot, and avers that she had been divorced from her husband, the plaintiff's assignor, and that 1,500 dollars had been decreed to her in lieu of dower in her husband's property; that said *Jesse Kennedy* is still alive; and that the judgment is a lien upon other lands of said *Kennedy*, of the value of 10,000 dollars.

Upon these proceedings the cause was submitted to the Court. The plaintiff's evidence consisted of the note; a deed from the plaintiff to the defendant, with full covenants, dated *November* 24, 1853, for the lot, which the plain-

tiff proved was tendered to the defendant before the commencement of the suit. He also proved that he was worth 8,000 dollars, and that *Kennedy* was still alive.

The defendant gave in evidence a decree for divorce between *Kennedy* and his wife, which conformed to the statements in the pleadings. It appeared to have been replevied by the plaintiff on the 11th of *October*, 1853. He proved that Mrs. *Kennedy* was still living; and gave in evidence a title-bond, not corresponding with the allegations of either party, but agreeing with those of the plaintiff, except that, in addition to the description of it given in the reply, it contained a stipulation that, in the meantime, the defendant should have possession of the lot.

This being all the evidence, the Court found for the defendant, refused the plaintiff's motion for a new trial, and gave judgment accordingly. No objections were taken to any of the pleadings or evidence, and we are now to consider whether the conclusion at which the Court arrived can be sustained.

At what time *Kennedy* conveyed the lot in question to *Gaar* does not appear. That he did so convey, is alleged by the defendant and admitted by the plaintiff. By that conveyance he put it out of his power to comply with the contract on his part, and *Lockridge* was not bound to accept a conveyance from *Gaar*. A contract to convey, or cause it to be done, is the same, in legal effect, as a contract to convey, by the obligor, unless it is stipulated that the title is to be made by a third party. *Lockridge*, however, did not object to the conveyance on that ground, but on the ground that the lot was encumbered. He has not shown any incumbrance existing at the date of the bond; and the question arises, what, as between these parties, is the effect of a decree, subsequently rendered, against *Kennedy?* In *Simpson v. Niles*, 1 Ind. R. 196, it was decided that a vendor's estate in land contracted to be sold, but not conveyed or paid for, was subject to the lien of a judgment against the vendor. In that case, the judgment-creditor's claim upon the land was enforced to the amount of

May Term,
1857.

GAAR
v.
LOCKRIDGE.

that portion of the purchase-money which was unpaid when the lien of the judgment attached.

But another feature is presented by this case, which the parties seem to have overlooked; and that is, the defendant's possession. He did not offer to surrender the bond, nor to give up the possession, nor to account for the rents and profits, if there were any. A party cannot keep the subject of his contract, and refuse to pay for it too. This is a well known rule of equity that has been frequently asserted by this Court. *Barickman* v. *Kuykendall*, 6 Blackf. 21.—*Cain* v. *Guthrie*, 8 Blackf. 409.—*Osborn* v. *Dodd*, id. 467.—*Brumfield* v. *Palmer*, 7 Blackf. 227.—*Oldfield* v. *Stevenson*, 1 Ind. R. 153. Since all distinctions between proceedings at law and in equity are abolished in this state, the fact that neither party offered to complete the purchase on the first day of *April*, 1853, is of no consequence, so long as neither has attempted to rescind; and as the defendant waived the objection, on which he might have relied, that he was entitled to a deed from *Kennedy*, he ought to have paid the purchase-money, if he could have done so without danger of loss.

The proof that the plaintiff was worth 8,000 dollars was probably intended to show that the defendant was not likely to suffer from the lien of the judgment—he having replevied it—but it was not shown what his property consisted of. It may have been stocks, money, or merchandise, and consequently not subject to the lien of the decree. But we think the defendant might have paid the balance of the price of the lot in discharge, so far, of the incumbrance; and, no inadequacy of price being shown, such payment would have discharged the lot from the lien of the decree. He could thus have made the payment without any danger of loss or injury to himself, and we think he was bound to do it; and, consequently, that the finding of the Court of Common Pleas, upon the evidence, was wrong.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for a new trial.

*C. C. Nave*, for the appellant.

*J. M. Gregg*, for the appellee.