## FISHER *v.* WILSON.

Where a verbal contract for the sale of land has been executed on one side, by a conveyance of the property, the proper action is upon an implied promise arising from the plaintiff's performance, implied promises not being embraced by the statute of frauds, but, in such case, no action can be maintained on the special contract itself.

A party who would rescind a contract on the ground of fraud, must offer to do so in a reasonable length of time after the fraud is dis-

· covered, and on such rescision the parties must be placed in the identical situation in which they were when they entered into the contract.

APPEAL from the *Clinton* Circuit Court.

DAVISON, J.— *Wilson*, who was the plaintiff, brought an action against *Fisher*, alleging, in his complaint, these facts: On the 14th of *March*, 1860, the plaintiff sold, and by deed in fee simple conveyed to the defendant lots numbered 8 and 9, and block number 4, in *Brooks'* addition to the town of *Frankfort*. And in consideration of the sale and conveyance so made, the defendant then really bargained and sold, and agreed to convey to the plaintiff forthwith, certain lands in the county of *Crawford*, and State of *Iowa*, describing them. At the time of this contract, and as a part of it, the parties agreed that the property sold by each was of the value of 1,500 dollars. It was averred that the defendant, in pursuance of the conveyance, took possession of the *Frankfort* property, and that on the 10th of *August*, 1860, the plaintiff demanded of the defendant a deed of conveyance for the *Iowa* lands, but he refused to execute such deed, &c. "Wherefore the plaintiff says that, by reason of the breach of said agreement, by the defendant, he is damaged 1,600 dollars, for which he claims judgment, with other proper relief."

Defendant answered: 1. By a general traverse. 2. That the plaintiff, at the time of the alleged contract, fraudulently represented to the defendant that the *Frankfort* property was free and unencumbered from all liens whatever; that believing said representation, and relying upon it as true, he was induced to enter into said agreement, when in truth and in fact, the *Frankfort* property was, at that time, subject to the lien of a judgment in favor of one *Ezinah Paxton*, recovered by him against this plaintiff in the *Clinton* Common Pleas Court, at the *March* term thereof, 1856. That defendant, after he

received said deed, ascertained the existence of the judgment. in the Common Pleas, and as soon thereafter as practicable, notified the plaintiff that he would not execute a conveyance for the *Iowa* lands until the *Frankfort* property was released from the lien of said judgment; and the plaintiff, when so notified, agreed to procure such release; but he has utterly. failed to do so, and the judgment still remains a lien on the property conveyed. That prior to the discovery of the lien the defendant, for rent of the property, received five dollars, which is all the avails derived therefrom, by him, since the execution of the deed, and he now brings said five dollars into Court and tenders the same to the plaintiff. And defendant now also brings into Court the deed executed to him by the plaintiff, files the same herewith, and prays that the same may be canceled, &c. Defendant also prays that the entire contract, set forth in the complaint, be rescinded, and that other relief be granted, &c. To this second defence there was a demurrer sustained, and thereupon the issues were submitted to the Court, who found for the plaintiff 1,250 dollars, and final judgment was, accordingly, rendered, &c.

As we have seen, the complaint is based alone upon a verbal agreement to convey real estate, hence the question arises, is the action at all maintainable? The statute says: "No action shall be brought upon any contract for the sale of lands," unless such contract shall be in writing, and signed by the party to be charged, &c. 1 R. S. p. 299, sec. 1. This seems to be conclusive. It is true such verbal contract is not absolutely void; the parties may execute it if they choose, but the statute expressly inhibits the institution of any action upon it. 5 Blackf. 129; 7 Ind. 394. The rules of law applicable to cases of this sort may be thus stated: "Where a verbal contract has been executed on one side by a conveyance of the property, the proper action is upon an implied promise arising from the plaintiff's performance, implied

Fisher *v.* Wilson.

promises not being embraced by the statute;" but, in such case, no action can be maintained on the special contract itself. Brown on the Stat. of Frauds, secs. 115, 116, 124.

Suppose, however, the action to be well brought upon the verbal contract, still the decision of the lower court may be held erroneous; because the answer, it seems to us, constituted a valid defence. It charges a false representation, of a material fact, made by the plaintiff at the time of the contract, and upon which the defendant relied. If then the plaintiff was thus guilty of a fraud, the defendant had, unquestionably, a right to rescind the agreement. Has he taken the proper steps to render the exercise of that right effective? A party who would rescind a contract on the ground of fraud must offer to do so in a reasonable time after the fraud is discovered, and "on such rescision the parties must be placed in *statu quo;* that is, in the identical situation in which they were on entering into the contract." 8 Blackf. 409; 9 Ind. 477. Here the defendant, as soon as practicable, after he discovered the existence of the lien, called upon the plaintiff and told him that he would not execute the contract unless the lien was removed, and the plaintiff then promised to remove it, but utterly failed to do so. This, in our judgment, was, substantially, an offer to rescind "in a reasonable time." And the defendant having tendered all the avails of the property received by him, and having brought the deed into Court to be canceled, was plainly entitled to a rescision of the agreement.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for new trial.

*McDonald & Roache,* for appellants.