## STEWART *v.* LUDWICK.

CONTRACT—RESCISSION OF.—A contract will not be rescinded unless both parties can be restored to their original condition; but when that can be done, and the party seeking to rescind is not in default, and has offered to restore the defaulting party to the same condition he occupied before making the contract, a decree of rescission may be rendered.

SAME.—CONSTRUCTION.—CONDITION PRECEDENT.—Suit upon a note given in part payment for two tracts of land which the plaintiff had agreed to sell and convey to the defendant, by an entire contract, for a stip-ulated sum, payable in installments. · The plaintiff conveyed one of the tracts to the defendant, and promised to convey the other as soon thereafter as the proper survey thereof could be made by him, and deliv-ered possession of both tracts to the defendant, who still continued in possession. The plaintiff afterwards failed to procure the survey to be made, and before commencing the suit on the note repudiated the con-tract as to the tract unconveyed, and commenced an action to recover the possession thereof, although the defendant was ready and offered to comply with the contract on his part. Thereupon the defendant demanded a rescission of the entire contract, and tendered to the plaintiff a deed re-conveying to him the tract conveyed, and offered to account for the rents and profits of both tracts; but the plaintiff refused to rescind the contract as to the tract conveyed. The note sued on did not become due for nearly six months after the date of the contract.

*Held,* that if the case was not one in which a rescission of the contract was proper, the execution of the deed for the tract unconveyed was a condi-tion precedent to the payment of the note; which, not having been per-formed by the plaintiff, the suit on the note could not be maintained.

PRACTICE.—The admission of a person applying to be made a party to a suit, who is a proper but not a necessary party to its determination, is a matter in the discretion of the court to which the application is made.

.APPEAL from the *Ripley* Circuit Court.

ELLIOTT, J.—*Ludwick* sued *Stewart* on a promissory note for $400. The complaint alleges that the note was given in

part payment for sixty acres of land, which is described, prays judgment for the amount of the note and interest thereon, and that it be declared a lien on the land.

*Stewart* filed an answer, in the nature of a cross complaint, in which it is alleged, in substance, that the plaintiff and one *Skeen* entered into a contract, by which the plaintiff agreed to sell and convey to *Skeen* two tracts of land, containing, together, one hundred and twenty acres; one tract being the same described in the complaint, containing sixty acres, the other being all of the northwest quarter of section 31, township 8, in range 12, except thirty-eight acres and ninety-three hundredths, conveyed by *George Shook* to *John G. Berkshire*, and eight acres theretofore conveyed by the plaintiff to *Margaret Johnson*, containing about sixty acres, situate in said county of *Ripley*, for the sum of $2,700, in payments, as follows: $500 down, which was then paid; $400 on the 1st day of *March*, 1866, for which the note in suit was given; $900 on the 1st of *March*, 1867, for which a note was given and secured by a mortgage on the sixty acres of said land described in the complaint, and $900 on the 1st day of *March*, 1868; that said trade was made in the name of the defendant *Stewart*, but, in fact, for the benefit of said *Skeen*, who was to furnish the money to said *Stewart* to pay for the same; that at the time said contract was made, the plaintiff conveyed to *Stewart* the sixty acre tract described in the complaint, but the other tract was not then conveyed, for the reason that an accurate description thereof could not be given until it was surveyed; that the plaintiff gave to said *Skeen* the immediate possession of the whole of said lands, under said contract, and promised to cause said last named tract to be surveyed immediately thereafter, and, as soon as the survey was completed, to convey the same by deed of warranty to said *Stewart;* that, upon the delivery of said deed, said *Stewart* was to execute to the plaintiff a note and mortgage for the last payment of $900, to become due on the first day of *March*, 1868; that said *Skeen* and one *Colson* still hold possession of the land, under said contract,

and have made lasting improvements thereon, in grubbing and fencing, of the value of $1,000; that, after the making of said contract, and putting said *Skeen* into the possession of said land, the plaintiff refused to cause said second described tract to be surveyed, and refused to convey the same, either to the defendant or to said *Skeen*, and wholly repudiated that part of said contract, and refused to comply therewith, and had commenced an action to recover the possession of said last named sixty acre tract from said *Skeen*, which was still pending; that the defendant and *Skeen* were at all times willing to pay said several sums of money when they became due, if the plaintiff would execute said deed to the said land; that, on the 19th of *February*, 1867, and before the commencement of this suit, the defendant and *Skeen* demanded of the plaintiff a deed for said land, according to said agreement, and then offered to pay the money then due and fully perform the contract on their part, on the execution of said deed, which the plaintiff refused to do; that thereupon they demanded a rescission of said entire contract, and tendered to the plaintiff a deed re-conveying to him the sixty acres conveyed by him to *Stewart*, which was brought into court, and also offered to account for the rents and profits of all of said land; but the plaintiff refused to rescind the contract as to the sixty acres of the land conveyed by him to *Stewart;* that the sixty acres so conveyed is thin, poor land, not worth to exceed ten dollars per acre, while the other sixty acres is good bottom land, well farmed and cultivated, and is of the value of fifty dollars per acre, and was the inducement to said purchase. It concludes with a prayer that *Skeen* and *Colson* be made defendants, to answer as to their interests; that the plaintiff be enjoined from prosecuting his action to recover the possession of said sixty acres of the land until the final determination of this suit; that, on the final hearing, said contract be rescinded, and that an account be taken of the rents and profits and of the value of the lasting improvements made on the land by said *Skeen* and *Colson*, and of the amount of purchase

money paid said plaintiff, with a proper judgment for the defendant, and for general relief. The answer was verified by affidavit. *Skeen* also filed a petition, making the answer of *Stewart* a part of it, praying to be permitted to become a party defendant in said cause, and offering to appear and plead therein immediately.

The court sustained a demurrer to *Stewart's* answer, and refused to admit *Skeen* as a defendant; to which rulings proper exceptions were taken. *Stewart* refused to answer further, and final judgment was thereupon rendered for the plaintiff. *Stewart* appeals.

The first error assigned is upon the ruling of the court in sustaining the demurrer to the defendant's answer. We are not favored with any argument in behalf of the appellee, and are not advised of the grounds upon which the demurrer to the answer was sustained.

The answer alleges that the contract was an entire one, for the sale and conveyance by the plaintiff of two tracts of land, for the sum of $2,700 ; that the plaintiff conveyed one of them to the defendant at the time of the contract, and promised to convey the other as soon thereafter as a proper survey thereof could be made; that he delivered to the purchaser possession, under the contract, of both tracts, but subsequently failed to procure the survey to be made, and, long before the commencement of this suit, repudiated the contract as to said unconveyed tract, refused to convey it to the defendant, and commenced an action for the possession thereof, although the defendant was ready and offered to comply with said contract, on his part. These facts are admitted by the demurrer.

The note sued on did not become due for nearly six months after the date of the contract. The precise time when the deed should be made was not fixed by the contract, but it was to be executed as soon as the land was surveyed, which the plaintiff promised to have done immediately after the date of the contract. Under such an agreement, the plaintiff could only claim a reasonable time to

procure the survey to be made and execute the deed, which expired before the note became due. It seems, therefore, clear that the execution of the deed was a condition precedent to the payment of the note, and not having been performed by the plaintiff, the facts alleged constitute a good bar to the action. In this view of the question, the statute of frauds has no bearing on the case, for if no possession of the land under the contract had been given to the defendant, still the plaintiff could not demand the payment of the note without first offering to comply with the contract by executing and tendering the deed. If, as alleged, the contract was an entire one for both tracts of land, the fact that the plaintiff had executed and delivered to the defendant a deed for one of them, would not enable him to repudiate or rescind the contract as to the other, and compel the defendant to pay for and hold the tract conveyed. But here the answer shows that the plaintiff put the defendant (or rather *Skeen,* for whose use and benefit the contract is alleged to have been made) into possession, under and in pursuance of the contract, of the whole of the land, and that he still continued to hold the same, and had made valuable and lasting improvements thereon. This was sufficient to take the case out of the statute of frauds, and enable the defendant to compel a specific performance. The relief specially prayed by the answer, as a cross-complaint, is that the contract be rescinded, which is based on the alleged fact that the plaintiff had refused to convey one of the tracts, and, as to that, had repudiated the contract. If the contract, as to that tract, were void under the statute of frauds, and the plaintiff, for that reason, had refused to comply with it, or if the plaintiff were not seized of that tract and therefore could not convey a good title, it would clearly be in the power of the defendant to demand a rescission of the entire contract; but here the answer admits the seizin of the plaintiff, and shows the defendant entitled to a specific performance.

The plaintiff, however, if the allegations of the answer

be true, was first in default. He refused to execute the deed, repudiated that part of the contract, and commenced an action to recover the possession of that part of the land. The plaintiff having thus attempted to force a rescission in part, the defendant proposes to place him in *statu quo*, which he offered substantially to do, and thereupon demands a rescission of the entire contract. And the authorities seem to sustain this view of the case. *Colson* v. *Smith*, 9 Ind. 8; *Barber* v. *Lyon*, 8 Blackf. 215.

Applications for the rescission of contracts, either for fraud or because of the failure of the opposite party to perform, are ordinarily addressed to the sound discretion of the court. A contract will not be rescinded unless both parties can be restored to their original condition; but when that can be done, and the party seeking to rescind is not in default, and has offered to restore the defaulting party to the same condition he occupied before making the contract, a decree of rescission may be rendered. But if the facts stated in the answer are not sufficient to justify a rescission of the contract, still, as we have seen, they are sufficient to bar the present action, and for that reason, if for no other, the demurrer to it should have been overruled.

Under the allegations of the answer, *Skeen* has such an interest in the subject of the suit as to make him a proper party thereto, though not a necessary one. It could be no error to admit him to become a party, and the final trial of the cause may be rendered more complete by admitting him as a party. This, however, is a matter in the discretion of the court below.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the answer of *Stewart*, and for further proceedings in accordance with this opinion.

*J. W. Gordon*, *H. W. Harrington* and *M. K. Rosebrough*, for appellant.