### BACON *v.* MARKLEY.

PLEADING.—*Answer.*—*False Representation as to Written Instrument.*—In an action on a note payable one year after date, and to foreclose a mortgage executed to secure it, an answer that the plaintiff represented at the time the mortgage was made that it was payable in five years, and, relying on the word of the plaintiff, the defendant did not read the mortgage or have it read, and that the original agreement was that the defendant should have five years, was not a good answer.

PRINCIPAL AND AGENT.—*Negligence of Agent.*—Neglect and want of skill of an agent, by which the principal is wronged, will not entitle the principal to relief against a third person not guilty of any wrong in the matter.

PLEADING.—*Action on Note and Mortgage.*—*Answer.*—To an action on a note and mortgage, an answer that the note was given for a stock of goods bought of the plaintiff, and that numerous articles mentioned in the invoice were not in the possession of the plaintiff at the time the invoice was made, and have never been delivered to the defendant, presents no defence in whole or in part.

From the Tippecanoe Circuit Court.

*F. W. Coombs* and *A. Parsons,* for appellant.

*A. L. Kumler,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant, on a promissory note executed by her to him, payable one year after date, and to foreclose a mortgage to secure the payment thereof. The defendant pleaded two paragraphs of answer, to each of which a demurrer was sustained by the court. The defendant was then defaulted, and after an inquiry as to the amount of damages, there was final judgment for the plaintiff.

The only questions presented and relied upon by the appellant are the rulings of the court on the demurrers to the paragraphs of the answer.

The first paragraph of the answer is as follows: " The defendant, for answer herein, avers that at the time of the execution of the mortgage sued on, the plaintiff represented that it was payable in five years from the date thereof, and that the defendant, relying upon the word of the plaintiff, did not read or ask to have read the mortgage, nor was it

read to her as written. That the mortgage was executed to secure the payment of certain money for the purchase of certain goods by defendant of plaintiff, and that it was a condition of the purchase; well understood and agreed upon at the time, that the defendant should have five years from the date thereof; wherefore," etc.

This is not a good answer. It makes no mention of the note, but speaks of the mortgage only. It does not show fraud. The defendant should have read, or requested to have the papers read to her. The circumstances do not amount to fraud. *Seeright* v. *Fletcher*, 6 Blackf. 380; *Rogers* v. *Place*, 29 Ind. 577; *May* v. *Johnson*, 3 Ind. 449; *Craig* v. *Hobbs*, 44 Ind. 363.

There is no allegation of mistake, or prayer for the reformation of the instruments.

The second paragraph is as follows: "And the defendant for further answer herein avers, that the consideration of the execution of the note and mortgage sued on was the purchase of certain goods and fixtures then in the city of Lafayette, in this county and State; that the defendant at that time entrusted the care and management of invoicing the said goods and fixtures to one John H. Bacon, for the purpose of ascertaining; a copy of which invoice is herewith filed, marked 'A;' that owing to the negligence of the said John H. Bacon, and owing to his want of skill, which at that time was unknown to this defendant, the goods and fixtures were placed at a much higher estimate than their true value; all of which the said Markley well knew at the time; and the defendant avers that numerous articles mentioned in said invoice were not in the possession of said Markley at the time the said invoice was made, and have never been delivered to this defendant; wherefore the defendant says that as to a large amount, to wit, fifteen hundred dollars, there was no consideration for the execution of said mortgage, and prays judgment accordingly."

How it can be supposed that the negligence and want of skill of the defendant's own agent, appointed by her to

invoice and value the goods for which the note was given, can affect her liability on the note, we do not perceive. The acts of a party done by an agent are regarded as though they had been done by him in person. Counsel for appellant say: "The paragraph is substantially an averment that the appellee defrauded the appellant by misrepresentations." We do not think the paragraph contains any charge of fraud. As to the other branch of this paragraph, which alleges that numerous articles mentioned in the invoice were not in the possession of said Markley at the time the invoice was made, and have never been delivered to the defendant, we think it presents no defence to the action, in whole or in part. As to the articles which were not in the possession of the plaintiff at the time of the sale, there was no implied warranty of title, and no express warranty is alleged, nor is it shown that the plaintiff undertook or promised to deliver them, or that the defendant was not to accept and take them where they were at the time of the sale. The paragraph on this point is too uncertain. It says, "numerous articles mentioned in the inventory," etc. It should have stated what articles.

The judgment is affirmed, with costs and two per cent. damages.