## DINWIDDIE v. KELLEY.

PLEADING.—*Fraudulent Representations.*—A complaint to rescind a contract of sale of certain real estate, showing that the defendant fraudulently represented that he had purchased said real estate at a sale by an administrator of an estate, for the purpose of inducing the plaintiff to buy the real estate of the defendant, which the plaintiff, relying on the representation, did buy, showing the representations to be false, etc., was held sufficient.

Dinwiddie *v.* Kelley.

PARTIES.—In such action, the widow and children of the decedent, whose estate it had been represented had been bought by the defendant, were not necessary parties.

From the Rush Circuit Court.

*B. F. Davis, R. A. Black, J. Helm,* and *G. H. Puntney,* for appellant.

DOWNEY, J.—This was an action by the appellant against the appellee. There are five paragraphs in the complaint, to all of which demurrers were sustained, and thereupon judgment was rendered for the defendant. These rulings of the court are the errors assigned.

Counsel for the appellant, however, expressly waive all the errors except the sustaining of the demurrer to the fifth paragraph of the complaint.

The facts alleged in that paragraph are as follows: That heretofore, to wit, on the 22d day of July, 1870, the said defendant, for the purpose of inducing the plaintiff to enter into the agreement and make the contract hereinafter mentioned, falsely and fraudulently represented that he was the owner in fee simple, and entitled to the possession, and then in the possession, of certain real estate described in the complaint, situated in Rush county, Indiana; that he held the title to said real estate by virtue of a certificate of purchase under a sale thereof made by one John R. Mitchell, as administrator of the estate of Alvah F. Woodcock, late of that county, under and in pursuance of an order of the common pleas of said county; that the said sale had been duly reported to and approved by said court, and said sale confirmed; that said real estate was free from all incumbrances and liens whatever, save and except the sum of one thousand dollars due from him as the balance of the unpaid purchase-money therefor to said administrator, and that upon the payment thereof, he, or any person to whom he might assign or transfer such certificate of purchase, would receive from said common pleas, through said administrator, a deed conveying a perfect and unincumbered title to said real

estate; and all of which said statements and representations. were so made, as aforesaid, for the purpose of inducing the plaintiff to purchase said real estate from said defendant; and the plaintiff says that, relying upon said statements and representations, and believing the same to be true, and being then and there ignorant of the truth or falsity of the same, he did then and there enter into a certain contract in writing with said defendant for the purchase of said real estate, a copy of which is filed with the complaint, whereby he purchased of and from said defendant said real estate, and agreed to pay to him therefor the sum of eight thousand dollars, one thousand dollars thereof on demand, one-half of the residue January 1st, 1871, and the balance January 1st, 1872, with annual interest at the rate of ten per centum; that he then and there paid to said defendant said cash payment, and afterward executed his notes in all respects according to his agreement, and which he says he subsequently fully paid with the interest thereon; that at no time during the negotiation of said contract did the defendant produce his said certificate of purchase, but falsely pretending the same to be lost or mislaid, he secreted the same from the plaintiff, and has never delivered the same to him; that as a part and parcel of the said contract and agreement, it was agreed that said defendant should, on or before the term of said court of common pleas next following, pay to said administrator the residue of said purchase of one thousand dollars, and at and in said court at its said term procure a deed to be made to plaintiff and approved by the court, conveying to him, plaintiff, a perfect and unincumbered title to said real estate; and the plaintiff says that afterward, to wit, on the 8th day of August, 1870, the defendant called upon the plaintiff and then and there produced a pretended deed, a copy of which is filed with the complaint, and then and there represented to said defendant that he had paid said one thousand dollars, and that said administrator's sale had been duly and legally presented to said court together with said deed so produced, and that the court had approved said sale,

ordered the making of said deed to the plaintiff, and had approved said deed, and then and there demanded of the plaintiff his notes as in said agreement set forth; and he says that, relying upon and believing said statements to be true, and in ignorance of the falsity thereof, he did then and there execute his notes to the plaintiff as in said agreement stipulated, and did then and there receive said deed from the defendant; that upon the maturity of said notes, he fully paid the same. And the plaintiff says that each and every of said representations as made by said defendant as herein stated was false and fraudulent, and known to be so by the defendant, in this, to wit:

1. That at the time of the making of said representations and contract, said real estate was, and still is, encumbered with a mortgage executed by the said Alvah F. Woodcock, now deceased, and his wife, in favor of one Joseph Hamilton for one thousand and eight hundred dollars.

2. That said real estate at the time last aforesaid had not been ordered sold by the said common pleas court, nor by any court or person whomsoever, and that such representations are and were false as aforesaid.

3. That the said court had no jurisdiction, power, or authority to order and direct the sale of said real estate upon the application of said administrator, and had never ordered and directed a sale as aforesaid by said defendant, for the reason that the same was the absolute property of one Mary Woodcock.

4. That said administrator had never advertised for sale and sold said real estate to the defendant, or to any person.

5. That the defendant never had or held any certificate of purchase for said real estate as by him represented as aforesaid, nor had said administrator executed to him or to any person whomsoever any such certificate of purchase, nor had said real estate ever been sold by said administrator.

6. That no sale of said real estate was ever reported to or

approved · by said common pleas as represented by said defendant.

7. That said common pleas had never ordered said administrator to make any conveyance of said land, nor has said court to this day ever made any such order, or made or approved any deed of conveyance of said lands, and that said deed so received by said defendant was never ordered or approved by said court or presented to said court.

8. That by said pretended deed of conveyance so delivered to him as aforesaid, the title to said land was not and is not vested in him by reason of the premises nor any interest therein. He says that said lands are not subject to any liens or incumbrances against him or by him created. He shows that he has paid for taxes on said lands two hundred dollars, and in insurance one hundred and fifty dollars; that he had and still has possession of said premises, and that the rental value thereof is six hundred dollars per annum; that before the commencement of this suit and immediately upon the discovery of said fraud and his defect and want of title aforesaid, to wit, ten days thereafter, he offered to reconvey any title he might have obtained by said deed to the defendant, and offered to surrender possession of said real estate to the defendant, and demanded the repayment of said eight thousand dollars, with interest thereon from the time of payment; yet to accept such reconveyance or to pay said plaintiff said purchase-money, less the amount of such rents, the defendant objected and refused, and he brings into court a deed of quitclaim of said lands to the defendant for his use under the direction of the court; wherefore, etc.

The demurrer was on two grounds :

1. That the paragraph of the complaint did not state facts sufficient to constitute a cause of action; and,

2. That there was a defect of parties plaintiffs, in this, that the widow and children of Alvah F. Woodcock were necessary parties plaintiffs herein.

There is no brief on file for the appellee, and hence we are uninformed as to the particular objection which was

urged in the circuit court to the complaint under the first ground. The action is not on the contract, but seeks to have the contract rescinded for and on account of fraud in obtaining it. We do not see but that there are alleged fraudulent representations sufficient to entitle the appellant to relief. Possibly we might arrive at a different conclusion, could we know the ground of objection to the complaint urged in the circuit court. We see no necessity for making the widow and children of Woodcock, deceased, parties to the action. They were not parties to the contract nor to the fraud alleged, and no relief is asked against them.

The judgment is reversed, with costs, and the cause remanded.