DeFord v. Urbain.

48 | 219
125 | 568

CONTRACT.—*Rescission of.*—*New Trial on Condition.*—A. sold to B. a portable saw-mill, and, by agreement, received of C., in part payment, a deed of conveyance of certain land, to which land the grantor had no title.

*Held,* in an action by B. for the possession of the saw-mill, that A. could not rescind the contract of sale on the ground of fraud practised on him, without tendering a reconveyance of the land; and, where a reconveyance had not been tendered, the court, after verdict for the defendant, could not grant the plaintiff a new trial to be had unless the defendant within a specified time should execute a deed of quitclaim of the land to plaintiff, but should have granted a new trial absolutely.

SUPERIOR COURT.—*Power of at General Term.*—A superior court at general term can not require a judge of that court at special term to do what he might not do without such requirement.

From the Marion Superior Court.

*N. B. Taylor, F. Rand, E. Taylor, C. H. Test,* and *D. V. Burns,* for appellant.

*J. L. Mitchell* and *W. A. Ketcham,* for appellee.

WORDEN, J.—This was an action of replevin by the appellant against the appellee, for a portable saw-mill. Issue, trial by jury, verdict and judgment for the defendant. There was a motion for a new trial, assigning for cause, amongst other things, that the verdict was not sustained by sufficient evidence.

We may observe here that a demurrer was overruled to the third paragraph of answer, and this ruling is embraced by the assignment of error; but no objection to this ruling is pointed out in the brief of counsel for appellant, and we therefore need not further notice it.

The substance of the defence set up by the fourth and fifth paragraphs of the answer was, that the defendant had sold to the plaintiff the saw-mill in controversy, and had taken, in part payment therefor, a certain parcel of land, and that the plaintiff had made certain false and fradulent representations, both in respect to the quality of the land and the plaintiff's

title thereto, and that the quality was not such as was represented, nor had the plaintiff any title.

On the trial, it appeared that Jacob P. Dunn had agreed to convey the land to a certain gravel road company, and the company had agreed to convey it to the plaintiff; and it was agreed between Dunn, the gravel road company, the plaintiff, and the defendant, that Dunn should convey the land directly to the defendant in fulfilment of the plaintiff's agreement to convey it to the defendant. Accordingly, Dunn and wife made to the defendant a warranty deed for the land, which the defendant accepted in fulfilment of the plaintiff's agreement to convey it to him; and, at defendant's request, Dunn sent the deed to Newton county, where the land was situate, and had it recorded. Dunn had no title to the land, nor was the land of the quality which seems to have been represented, but it was of some value. There was no evidence that the defendant ever offered to reconvey the land, either to Dunn or to the plaintiff.

On appeal of the cause from special to general term, it was adjudged, in substance, that the plaintiff have a new trial of the cause, unless the defendant should, within a time specified, execute a deed of quitclaim to the plaintiff for the land, and place the same on file for the use of the plaintiff.

The assignments of error in this court are sufficient to raise the question involved in the proceedings of the court below at general term.

We are of opinion that the court below erred in not reversing the judgment which had been rendered at special term, and in not awarding an unconditional new trial.

The defence was based upon the theory that the defendant had the right to rescind the contract by which he sold the saw-mill to the plaintiff, on the ground of the fraud alleged to have been practised upon him. If there was no fraud practised upon the defendant in respect to the title to the land, the failure of title would be no ground whatever for rescinding the contract. He must, in such case, abide by the contract, and seek his remedy upon the covenants in his deed.

*Laughery* v. *McLean,* 14 Ind. 106 ; *Hacker* v. *Blake,* 17 Ind. 97 ; *Johnson* v. *Houghton,* 19 Ind. 359 ; *James* v. *Hays,* 34 Ind. 272. But a fraud practised upon him, either in respect to the title or the quality of the land, would justify a rescission.

A party, however, who wishes to rescind a contract on the ground of fraud, is bound to act promptly on the discovery of the fraud and restore to the other party, or offer to restore, what he has received on the contract, so as to place the other party, as near as may be, *in statu quo.* The contract must be rescinded *in toto. Cain* v. *Guthrie,* 8 Blackf. 409 ; *Matlock* v. *Todd,* 25 Ind. 128 ; *Patten* v. *Stewart,* 24 Ind. 332 ; *Fisher* v. *Wilson,* 18 Ind. 133. The authorities upon these points are, indeed, very numerous, but we deem it unnecessary to collect more of them here. It is very clear that a valid defence was not made out without a reconveyance, or an offer to reconvey the land.

We are of opinion, further, that the defence should have been made out upon the trial of the cause. Perhaps, if no offer to rescind and reconvey had been made before the commencement of the action, it might be made afterward and properly pleaded, but upon this point we make no decision. As before stated, we think the defence should have been made out upon the trial of the cause, and if not so made out, the plaintiff was entitled to a new trial. We are not aware of any practice by which a party, for the purpose of obviating a motion for a new trial, may do a thing after verdict in his favor, which was necessary to be done in order to obtain the verdict, and thereby save the verdict.

Under the provisions of the act creating the superior court, it seems to us that the court can not, at general term, require the judge at special term to do what he might not have done without such requirement. The judge at special term could not, as we think, in accordance with general principles of practice, have made the success of the plaintiff's motion for a new trial dependent upon the contingency specified.

The judgment below at general term is reversed, with costs.

and the cause remanded, with instructions to proceed in accordance with this opinion.