## WHEAT v. HAMILTON.

CONTRACT.—*Purchase of Partnership Interest.—Assuming Liabilities.—Taxes.* One member of a firm sold his interest in the partnership to one who, by the terms of the contract, agreed to pay a certain sum to said member and to take his place in said firm and to pay his share of the debts and liabilities of said firm, said member at the time of the sale exhibiting to said purchaser a written statement purporting to contain a showing of the liabilities of the firm, nothing being said about taxes in said written statement or orally.

*Held,* that said purchaser was bound for the payment of the retiring member's share of state and county taxes assessed against the firm at the time of the sale.

From the Johnson Circuit Court.

*G. M. Overstreet* and *A. B. Hunter,* for appellant.

*S. P. Oyler,* for appellee.

WORDEN, C. J.—This was an action by Hamilton against Wheat, to recover the sum of seventy-seven dollars and thirty-four cents, on facts that need not be here stated, as they are embodied in the special finding of the court hereinafter set out.

The cause having been submitted to the court for trial, the court, at the request of the defendant, made the following special finding of the facts, viz.:

"That upon the 23d day of April, 1873, the plaintiff, Robert Hamilton, was in partnership with one Thomas Branigin and J. H. Featheringill, under the firm name of J. H. Featheringill & Company; that said firm were the owners of a large amount of hog product, consisting of shoulders, sides, etc.; that the hogs out of and from which said product had been manufactured had been purchased by said firm, and slaughtered and packed by the firm of Herriott, Vawter & Company, of which firm the defendant, William Wheat, was a member; that advances had been made upon said product by said firm of Herriott, Vawter & Company to said firm of J. H. Featheringill & Co., part of which had been paid by the sale of hams, lard, etc.,

the product of said hogs; that there were debts due from J. H. Featheringill & Co. to Herriott, Vawter & Co., to the banks in Franklin, to said Featheringill and Branigin, for moneys advanced for the purchase of said hogs, and that there was the sum of two hundred and thirty-two dollars state and county taxes assessed upon said hog product in the year 1873; that upon the 23d of April, 1873, the defendant, William Wheat, bought of and from plaintiff, Robert Hamilton, his, Hamilton's, entire interest in said firm, agreeing and contracting with Hamilton to pay him five thousand dollars profit, to take his, said Hamilton's, place in said firm, and to pay his share of the liabilities and debts of said firm; that at the time of sale, a written statement was exhibited by Hamilton to Wheat, purporting to contain a showing of the liabilities of Featheringill & Co., in which statement nothing was said as to the interest on advances made by Herriott, Vawter & Co., insurance or taxes, and nothing was said orally about the taxes, interest or insurance, by either of them; and Wheat paid to Hamilton the sum of five thousand dollars, and has since paid all the share of Hamilton, in the debts and liabilities of the firm, except the state and county taxes, amounting to seventy-seven dollars and thirty-four cents, which was paid by Robert Hamilton, upon the 23d day of April, 1874, and demanded of the defendant before the commencement of this action."

The court concluded, on the facts found, that the plaintiff was entitled to recover the amount thus paid by him for taxes, and rendered judgment accordingly. The defendant excepted to the conclusion, and error is here assigned upon it. This presents the only question raised here.

We are of opinion that the conclusion of the court was right. By the terms of the contract, as found by the court, Wheat was to take Hamilton's place in the firm, and "pay his share of the liabilities and debts of said firm." Taxes against the firm were certainly liabilities. At the time of the contract, Hamilton exhibited to Wheat a written state-

ment, purporting to contain a showing of the liabilities of the firm. But the contract was not that Wheat would pay Hamilton's share of the liabilities thus exhibited. It was to pay Hamilton's share of the liabilities and debts of the firm, whatever they might be. The paper, so far as we can gather from the finding of the court, cannot be construed into a warranty that there were no other debts or liabilities against the firm, nor is any fraud found in the transaction.

It is objected by the appellant, that it does not appear against whom the taxes were assessed. It is not found in terms that, they were assessed against the firm of J. H. Featheringill & Co., but this is fairly to be inferred from what is found. It is found that, on the 23d of April, 1873, the firm were the owners of the hog product, and "that there was the sum of two hundred and thirty-two dollars state and county taxes assessed upon said hog product in the year 1873," and, further, that Wheat " has since paid all the share of Hamilton in the debts and liabilities of the firm, except the state and county taxes."

We do not see how the taxes could be classed amongst the debts and liabilities of the firm, unless the assessment, when made, was made against the firm.

The judgment below is affirmed, with costs.