HEATON *v.* KNOWLTON ET AL., ADMINISTRATORS.

FRAUD.—*Rescission.*—*Consideration.*—Where a promissory note has been procured by false and fraudulent representations, the party defrauded cannot rely on the fraud as a defence in an action on the note, if, as the consideration for the note, he received anything of value which he has not restored or offered to restore.

From the Shelby Circuit Court.

*J. S. Scobey* and *O. B. Scobey*, for appellant.

*K. M. Hord, A. Blair* and *J. Harrison,* for appellees.

BUSKIRK, J.—The appellant, as assignee of Scobey and Donnell, sued Ephraim Knowlton before a justice of the peace, upon two promissory notes, which were executed for and in consideration of the right to use and vend, in Addison township, in Shelby county, Indiana, Hunt's patented machine for separating sugar from sorghum molasses.

The maker of the notes died, during the pendency of the action, and the appellees, his administrators, were substituted as defendants.

There have been three trials of the cause. The trial before the justice resulted in a verdict for appellees.

The appellant appealed to the circuit court, where another verdict was rendered against the appellant, whereupon the court granted a new trial. Upon a third and last trial, a similar verdict was rendered. Besides the above trials, where verdicts were rendered, the cause was submitted to a jury who failed to agree and were discharged.

The errors assigned call in question the correctness of the rulings of the court below in overruling motions for judgment upon the answers to interrogatories and for a new trial.

In answer to the first interrogatory, it was found that Knowlton, at the time of the execution of the notes, did not have a knowledge of the operation and capacity of the separator, by a trial or trials thereof in his presence; but in answer to the second, it was found that he had purchased the machine, and executed the notes, after he had witnessed trials of such machine. These findings can only be reconciled upon the theory that, although he had witnessed a trial of the machine, he did not understand its operation and capacity.

In answer to the third interrogatory, it was found that, at the time of the execution of the note, such machine would separate the sugar from granulated sorghum molasses.

In answer to the fourth, it was found that there had been

no return or offer to return the patent, deed or assignment, but that the same were still held by Knowlton.

In answer to the fifth, it was found that the agent of Scobey and Donnell had falsely represented to Knowlton that he had sold a machine and township to a man who had realized one hundred and fifty dollars, and had the machine left.

In answer to the sixth, it was found that no payments had been made upon the notes.

It is contended by counsel for appellant, that the answers to the first, second and sixth interrogatories are unimportant; that fraud cannot be predicated upon the false representation found in answer to the fifth interrogatory; that the answers to the third and fourth interrogatories show that the machine and the right to use and vend the same, for which the notes were given, was a new and useful invention, and that Knowlton had not rescinded the contract, and hence, could not defeat a recovery upon the notes; and that consequently the appellant was entitled to a judgment upon the special findings of the facts by the jury in answer to the interrogatories submitted.

The conclusion at which we have arrived renders it unnecessary for us to decide whether the representation, found by the jury to have been made, amounted to such a fraud as would vitiate the contract. Conceding that the contract was procured by false and fraudulent representations, the party defrauded cannot rely upon such fraud, as a defence, unless he has rescinded the contract and offered to restore whatever of value he has received. A party cannot repudiate a contract on the ground of fraud, and at the same time retain the benefits derived from it, but must, when he discovers the fraud, restore or offer to restore to the other party what he has received, and failing to do this, he affirms the contract. When the consideration received is of any value to either party, its return must be tendered before the party can sustain an action for rescission of the contract or successfully defend an action based upon such contract. A party to a contract cannot treat it as good in part and void

in part, but he must affirm it or avoid it as a whole; nor can a contract, either for mistake or fraud, be rescinded in part and affirmed in part, but must be rescinded *in toto*, or not at all. *Shaw* v. *Barnhart,* 17 Ind. 183; *Shepherd* v. *Fisher,* 17 Ind. 229; *McGuire* v. *Callahan,* 19 Ind. 128; *Johnson* v. *Houghton,* 19 Ind. 359; *Love* v. *Oldham,* 22 Ind. 51; *Parks* v. *Evansville, etc., R. R. Co.* 23 Ind. 567; *Patten* v. *Stewart,* 24 Ind. 332; *Cain* v. *Guthrie,* 8 Blackf. 409; *Fisher* v. *Wilson,* 18 Ind. 133; *Stewart* v. *Ludwick,* 29 Ind. 230; *Johnson* v. *Cookerly,* 33 Ind. 151; *Joest* v. *Williams,* 42 Ind. 565; *DeFord* v. *Urbain,* 48 Ind. 219.

It was found by the jury, in substance, that the machine and the right to use and vend the same were of some value, and that there had been no return or offer to return the patent, deed or assignment, but the same were still retained by the maker of the notes. Under these circumstances, he was in no condition to make a defence to the notes. The special findings are in direct antagonism with the general verdict, and conclusively show that the appellees had no defence to the action. In such a case, judgment should have been rendered for the appellant upon the special verdict, notwithstanding the general verdict. Buskirk Pr. 211, 218.

The judgment is reversed, with costs, and the cause is remanded, with directions to the court below to render judgment for the appellant upon the special findings, with interest from time of the trial.