THE WATSON COAL AND MINING COMPANY v. CASTEEL.

CONTRACT.—*Fraudulent Representations.*—*Pleading*—In an action upon a contract, a counter-claim by the defendant, seeking affirmative relief upon the ground of fraudulent representations whereby he was induced to enter into the contract, must, to be good, allege that the representations were false; that they were made with a fraudulent purpose; that they were believed to be true by the defendant; that he was thereby induced to enter into the contract; and that the fraud was effected.

SAME.—*Rescission of Contract.*—The party against whom rescission is sought must be in fault; both parties must be placed *in statu quo;* the party asking rescission must return or tender what he has received under the contract, and rescission must be promptly sought.

From the Clay Circuit Court.

*D. E. Williamson, A. Daggy, G. A. Knight* and *C. H. Knight,* for appellant.

*W. W. Carter* and *S. D. Coffey,* for appellee.

BIDDLE, J.—The appellee brought his complaint against the appellant, as follows, to recover the royalty from a coal mine, averring that on the 23d day of August, 1873, the plaintiff executed to Benjamin F. Masten, John H. Masten, and John J. Schrack, a mining lease upon certain lands described, lying in Clay county, in which said lessees agreed with the plaintiff to mine coal enough from under said land, that the royalty thereon should amount to twelve hundred dollars per year, at twenty-five cents per ton, and that, if they should fail to mine that quantity of coal, to pay twelve hundred dollars per year, in monthly instalments of one hundred dollars each, making the lease an exhibit; that, on the 20th day of September, 1873, the said lessees assigned said lease to the defendant, a corporation organized under the laws of Indiana, which corporation undertook and agreed with the lessees to perform all the covenants and agreements contained in the lease, and in pursuance thereof took possession of said lands and mines therein, and have ever since been in possession thereof, engaged in mining and removing the coal therefrom, under said lease, and by virtue of said assignment, which is also made an exhibit. But the defendant has failed to keep and perform the covenants and agreements contained in the lease, and their agreement with said lessees, in this, to wit : That the defendant has failed to mine coal enough for twelve months past to amount to twelve hundred dollars, and to pay the plaintiff one hundred dollars per month, or any part thereof; and that there is now due and owing to the plaintiff from defendant twelve of said monthly instalments of one hundred dollars each, and, although often requested to so do, have failed to pay the same, which amount remains due and unpaid. Wherefore the plaintiff demands judgment for fifteen hundred dollars and costs.

It is stipulated in the lease that the lessees shall " enter upon said land and test the same for coal within ninety

days from the date of this lease, and should they find coal upon said land of sufficient quantity, quality and thickness to justify them in mining the same, then they agree to sink a shaft, slope or drift upon the same, and be mining coal within one year from this date, or in default thereof to pay to said party of the first part the sum of one hundred dollars per month, until such slope, shaft, or tunnel, or drift shall be put into operation, which slope, shaft, drift, or tunnel shall be in addition to the drift now already open upon said land."

The defendant filed two special paragraphs to the complaint, which are called cross complaints, but which are properly counter-claims, in the first of which it is alleged that, at the time the plaintiff executed the lease, he represented to the lessees that the land was underlaid with a mineable vein of block coal, and the lessees, believing such representations to be true and relying thereupon, not then being able nor having then the means of determining the truth of such representations, made the lease set up in the complaint, said representations being the inducement to enter into the same—the plaintiff well knowing, at the time, that lessees were relying upon the truth of said representations; that, at the time of the execution of the lease, the lessees bought of the plaintiff, and paid him the sum of eleven hundred dollars, for all his rgiht, title and interest in and to a slope which had been sunk on said lands to the said vein of coal, and also the improvements and mining fixtures of the slope, consisting of bank cars, props, railroad ties, grading for switch and bank track; and that said plaintiff, as a further inducement to the lessees to enter into the lease, represented to them that coal of a good mineable quality had been found in said slope, and that coal underlaid said land of sufficient thickness, quantity and quality, to justify the mining thereof; and the lessees, acting upon such representations, entered into

said lease without having made any developments, or in any manner testing said lands, and, within a few days after the execution of said lease, the lessees assigned the same to this defendant; and, to induce the defendant to take said assignment, the lessees stated to the defendant the said representations as aforesaid, made to them by the plaintiff, of the existence of coal under said land; and, relying upon the same, the defendant purchased of the lessees said slope and fixtures, and paid therefor the sum of three thousand dollars, and took the assignment of said lease; and the defendant paid to plaintiff as advance royalty on coal, in pursuance of said lease, the sum of one hundred dollars per month for twenty months thereafter, and began mining said coal under said land, and mined about sufficient coal to reimburse the defendant for the royalty advanced; and said coal became thin and faulty, and of such quality as would not justify its mining except at great loss; and, upon discovering such fact, the defendant expended large sums of money in drilling and testing said land for coal, and found that there was no coal under large portions of said land, and in the remaining portions it was not of sufficient thickness to justify its mining, and the same could not be mined except at a ruinous expense; and the defendant refused, for the reasons above stated, to make any further payments under the lease, and stated the reasons of such refusal, and offered to surrender and cancel the lease, but the plaintiff refused to accept the same; that the defendant has mined all the coal under said lands, and is ready and willing to account to the plaintiff for all coal mined according to the lease, deducting the said two thousand dollars already advanced.

Prayer for affirmative relief, that the plaintiff be enjoined from prosecuting the said suit; also for an adjustment of the royalty on the coal that has been mined, and a cancellation of the lease, and for general relief.

. The other paragraph of counter-claim avers a mutual mistake in the belief that there was mineable coal under said land, from surface indications, but in fact there was not; with an offer to account for all royalties due on what coal was mined, deducting advanced royalties; praying a rescission of the lease, and general relief.

These are all the pleadings that remain in the record.

A demurrer for want of facts was sustained to each paragraph of counter-claim, and exceptions reserved. Judgment on the demurrers for appellee, exception by the appellant, and appeal to this court.

The rulings on the demurrers to the counter-claims present the only questions in the case for our consideration. Do the facts averred in the first paragraph of counter-claim amount to fraud on the part of the plaintiff in procuring the execution of the lease?

Representations, to amount to fraud, must be false; they must be made for a fraudulent purpose; they must be believed to be true by the party to whom they are made; they must have induced him to act upon them; and they must have effected the fraud.

In the counter-claim we are considering, there is no allegation of fraud against the plaintiff, no allegation that the representations were fraudulently made, and no allegation that they were made with a fraudulent intent, or for a fraudulent purpose. They may be false and yet very honestly made. If so, they lack the element of fraud. If they were false, and induced the lessees to act upon them, whereby they were injured, yet, if honestly made, there is no fraud. Besides, they are pleaded against a lease which stipulates that the lessees will " enter upon said land and test the same for coal within ninety days from the date of this lease." If the plaintiff made the representations charged against him, and the lessees believed them and acted upon them, why was such a stipulation, requiring

them to test the lands for coal within ninety days, inserted in the lease? Again, the lease was acted upon by the lessees and their assignee, and monthly instalments of the royalty paid under it for twenty months, and no complaint of fraud in the lease was made for more than three years after its execution. We can not hold the counterclaim sufficient. *The State* v. *Holloway*, 8 Blackf. 45; *Hopper* v. *Sisk*, 1 Ind. 176.; *The State Bank* v. *Hamilton*, 2 Ind. 457; *Peter* v. *Wright*, 6 Ind. 183; *Gatling* v. *Newell*, 9 Ind. 572; *Zehner* v. *Kepler*, 16 Ind. 290; *Harvey* v. *Smith*, 17 Ind. 272; *Jenkins* v. *Long*, 19 Ind. 28; *Woodruff* v. *Garner*, 27 Ind. 4; *Curry* v. *Keyser*, 30 Ind. 214; *Bacon* v. *Markley*, 46 Ind. 116; *Jagers* v. *Jagers*, 49 Ind. 428; *Hess* v. *Young*, 59 Ind. 379; *Welshbillig* v. *Dicnhart*, 65 Ind. 94.

The second counter-claim does not purport to charge fraud against the lessor, but alleges a mutual mistake between the lessor and the lessees as to the fact of there being coal in the land, and avers that there was not sufficient coal in the lands to be profitably mined, and, upon this ground, asks a rescission of the lease. The other averments in this counter-claim are substantially the same as those in the first.

There are well settled rules governing the rescission of contracts: The party against whom rescission is sought must be in fault; both parties must be placed *in statu quo;* the party asking rescission must return or tender what he has received under the contract, and rescission must be promptly sought.

The facts averred do not fill these requisites. Admitting that the mistake alleged against · the plaintiff is a fault on his part which might authorize a rescission of the lease, yet it is very clear the parties can not be placed *in statu quo.* The defendant has mined quantities of coal from the land, and paid certain instalments of the royalty thereon for

twenty months, and has changed the condition of the land by his mining operations to such a degree that it has become impossible to return the coal he has mined, or restore the land to the condition it was in when the lease was made. Nothing that has been received by the defendants under the lease has been returned or tendered to the plaintiff; and, as the defendant has had a full knowledge of the facts alleged for more than three years, the remedy of rescission has not been sought within a reasonable time. The facts alleged in the second counter-claim do not constitute a defence. *Buell* v. *Tate*, 7 Blackf. 55; *Shaeffer* v. *Sleade*, 7 Blackf. 178; *Calhoun* v. *Davis*, 2 Ind. 532; *Cooley* v. *Harper*, 4 Ind. 454; *Colson* v. *Smith*, 9 Ind. 8; *Gatling* v. *Newell*, 9 Ind. 572; *Shaw* v. *Barnhart*, 17 Ind. 183; *Fisher* v. *Wilson*, 18 Ind. 133; *McGuire* v. *Callahan*, 19 Ind. 128; *Bell* v. *Cafferty*, 21 Ind. 411; *Love* v. *Oldham*, 22 Ind. 51; *Parks* v. *The Evansville, Indianapolis and Cleveland S. L. R. R. Co.*, 23 Ind. 567; *Patten* v. *Stewart*, 24 Ind. 332; *Matlock* v. *Todd*, 25 Ind. 128; *Stewart* v. *Ludwick*, 29 Ind. 230; *Sieveking* v. *Litzler*, 31 Ind. 13; *Hanna* v. *Shields*, 34 Ind. 84; *Kinnaman* v. *Pyle*, 44 Ind. 275; *Dinwiddie* v. *Kelley*, 46 Ind. 392; *DeFord* v. *Urbain*, 48 Ind. 219; *Wheaton* v. *Knowlton*, 53 Ind. 256; *Gregory* v. *Schoenell*, 55 Ind. 101; *Haase* v. *Mitchell*, 58 Ind. 213; *Bingham* v. *Leighty*, 61 Ind. 524; *Norris* v. *Tharp*, 65 Ind. 47.

The judgment is affirmed, at the appellant's costs.