RUFUS ESTABROOK & others *vs.* GEORGE W. SWETT.

Suffolk. November 17, 1874. WELLS & DEVENS, JJ., absent.

Where the seller of goods is induced by the fraud of the buyer to receive in payment thereof the note of a third party, he cannot, without proving that the note is absolutely worthless, maintain an action on the original contract until he has returned or offered to return the note to the buyer.

CONTRACT upon an account annexed. At the trial in the Superior Court, without a jury, before *Pitman*, J., the following facts appeared :

The plaintiffs sold the defendant the goods described in the account on a credit of thirty days; and at the end of this time the plaintiffs received of the defendant a promissory note of J. G. Robinson in payment, and receipted the bill for the goods. There was evidence tending to show that the defendant made false and fraudulent representations to induce the plaintiffs to take the note. Before the note became due the plaintiffs discovered that the representations were false and notified the defendant, who said that if the note was not paid at maturity he would see it paid. The note was not paid at maturity, and Robinson was then and has since been in ·Canada insolvent. The plaintiffs have the note still in their possession.

" The judge, not being satisfied as a matter of tact that the note was absolutely worthless, ruled that the plaintiffs could not recover of the defendant on the original cause of action, while the plaintiffs held the note in their possession, or until they had

made a tender thereof; and accordingly found for the defendant."
The plaintiffs alleged exceptions.

*D. B. Gove*, for the plaintiffs.

*W. E. L. Dillaway*, for the defendant, was not called upon.

GRAY, C. J.   The plaintiffs in this case seek to recover on the
original account, on the ground that they were induced to take
the note of a third person in payment, through the fraud of the
defendant.   The plaintiffs have not proved that the note was ab-
solutely worthless.   They cannot therefore maintain this action
without surrendering the note to the defendant.   *Coolidge* v.
*Brigham*, 1 Met. 547.