EDMUND MATTHEWS v. OTSEGO COUNTY SUPERVISORS.

*Certiorari—Rules of evidence in proceedings before supervisors—Affidavit of publication.*

The return to a writ of *certiorari* is conclusive as to the facts appearing therein.

In proceedings before boards of supervisors for organizing new townships, the strict rules of law governing the introduction of evidence in courts cannot be insisted upon.

Comp. L. § 5927 providing that an affidavit by the printer of a newspaper that a specified notice was published therein, shall be *prima facie* evidence of the fact, does not exclude other proof; such as the affidavit of some other person who knows the fact.

The action of a board of supervisors upon evidence tending to show the due publication of a notice of proceedings to organize a township, will not be reviewed by the Supreme Court on *certiorari*, especially if there is no contradictory showing.

Certiorari.    Submitted June 14.    Decided June 21.

*Thomas A. E. Weadock* for plaintiff in certiorari.
Where a statute requires notice to be given in a particular
way no other method is admissible: *Newby v. Perkins* 25
Am. Dec. 161; *Scrafford v. Gladwin Supervisors* 41 Mich.
647; and the affidavit of publication must strictly comply
with the statutory provisions: *Perrien v. Fetters* 35 Mich.
236; *Dexter v. Cranston* 41 Mich. 452.

*W. H. H. Cooper* and *R. C. Ostrander* for defendants in
certiorari. *Ex parte* affidavits may be taken in proof of
publication of notice: *Clark v. Ingham Supervisors* 38
Mich. 658.

MARSTON, J.    A writ of *certiorari* was issued to review
the action of the board in organizing in said county a new
township.

The material error alleged in the application was that
the notice required by Comp. L. § 481, was not published
in a newspaper, as required by that section, and that there
was no proper proof of any publication because the affidavit
was not made by the printer, foreman or clerk, as required
by 2 Comp. L. § 5927.

A return to the writ was duly made and the action of the
board must stand or fall by the facts therein appearing.
The notice that an application would be made to the board for
the organization of a new township was dated December 16,
1881, and the time mentioned therein when it would be
presented was January 19, 1882.

It farther appears from the return that on the 19th day
of January Joseph E. Corlett subscribed and swore to an
affidavit setting forth therein that on the 16th and 17th days
of December, 1881, he posted up true copies of the annexed
notice in five of the most public places in each of the town-
ships named therein or to be affected thereby, specifying
such places, and added: " And this deponent further says
that he caused a copy of said notice to be published in the
Otsego County *Herald*, a newspaper printed in the said

County of Otsego, once in each week for four successive weeks immediately preceding the day therein specified as the time when the application therein mentioned would be made to the board of supervisors."

We are of opinion that the strict rules of law applicable to and governing the introduction of evidence in the courts, cannot be insisted upon in proceedings of this nature before boards of supervisors. In the allowance of claims against counties and in many other cases boards of supervisors act informally in receiving and considering sufficient, evidence which would not be admitted in a court of justice. This from the very necessities of the case must be so, and their action in so doing has never been questioned nor has any attempt been made to review such proceedings on technical grounds by *certiorari*.

Had the affidavit provided for in § 5927 been made, it would as therein declared have been *prima facie* evidence of the publication and of the facts therein stated. This section does not however exclude other proof of such facts being made; indeed by its very terms it implies that other and independent evidence may be given.

The affidavit of Corlett in this case tends to show due publication of the notice, of which he had personal knowledge. This the board acted upon and apparently considered sufficient, and there not being a total want of evidence, this Court cannot say the showing was insufficient. The question was one that in the first instance was addressed to the board, and we have no desire to review their action touching the weight of the evidence passed upon by them. There does not seem to have been any evidence before the board contradicting or changing the above showing in any way, and their action must therefore be considered as final.

The writ therefore will be quashed.

The other Justices concurred.