Filed Oct. 29, 1889.

---

No. 13,746.

## WESTHAFER v. PATTERSON.

CONTRACT.—*Rescission.*—*Action to Set Aside Conveyance.*—*Reconveyance of Consideration.*—Where a plaintiff seeks to set aside a conveyance of land to defendant, alleging that his grantor's title to the land which was the consideration of the conveyance, purchased by the defendant but not conveyed, was defective for non-conformity in the execution and acknowledgment of his deed with the law of Tennessee, of which the grantor was a resident, he will not be permitted to rescind his contract in the absence of an offer to reconvey, the formal defects complained of not rendering the title void.

SAME.—*Rescission.*—A person will not be permitted to rescind a contract in order to reclaim what he has parted with and to retain what he has received in the transaction.

DEED.—*Acknowledgment.*—*Defective Certificate.*— *Who may Take Advantage of.* —As a general rule, only subsequent purchasers for value can take advantage of the omission of words of identification, or other formal defects in the certificate of acknowledgment.

From the Martin Circuit Court.

*T. J. Brooks* and *S. M. Reeve*, for appellant.

*E. Moser* and *H. Q. Houghton*, for appellee.

MITCHELL, J.—The propriety of the ruling of the circuit court in sustaining a demurrer to the complaint is the only question involved in this appeal. Westhafer charged in his complaint that he had conveyed certain real estate, in the

State of Indiana, of which he was the owner, to the defendant Patterson, and that by agreement he received as a consideration for the conveyance made by him a deed of conveyance from one John M. Nickless, which purported to convey to the plaintiff certain real estate in the State of Tennessee, which the defendant Patterson had purchased from Nickless, but which the latter had never conveyed. It is alleged that John M. Nickless, the plaintiff's grantor, derived his title to the Tennessee land through a deed executed by William Nickless and wife, which latter deed the plaintiff avers was not executed and acknowledged in conformity with the statutes of the State of Tennessee, certain sections of which are set out in the complaint. These statutes require the officer before whom a deed is acknowledged to state in his certificate that he is personally acquainted with the grantor, and also to annex to any deed, in which a husband and wife join, a certificate to the effect that the wife appeared before him privately, and apart from her husband, and acknowledged the deed freely, voluntarily, etc. It is alleged that the requirements of the foregoing statutes were not observed in the respects above mentioned, in the acknowledgment, or the certificate endorsed upon or annexed to the conveyance from William Nickless and wife to the plaintiff's grantor, John M. Nickless. Without alleging any other infirmity in the deed, or defect in the title, the plaintiff demanded judgment setting aside his conveyance to the defendant Patterson, and for general relief.

It does not appear that the plaintiff offered to reconvey the Tennessee land before the commencement of the action, nor does he offer in his complaint to do so, under the direction of the court. There is nothing to show that any request was ever made to have the acknowledgment of the deed or the defective certificate corrected by the grantors therein, nor is it averred that the grantors in that deed are asserting any adverse claim to the land, or that the plaintiff

was not in the complete and quiet possession and occupancy of it at the time the suit was commenced.

There are, therefore, at least two grounds upon which the ruling of the court in sustaining the demurrer to the complaint can be sustained: 1. It does not appear that there is any substantial defect in the plaintiff's title to the Tennessee land. Notwithstanding the defect in the certificate of the officer before whom the deed was acknowledged, the conveyance may have transferred a perfect title as between the parties to it. As a general rule a deed may be valid and binding on the parties who execute it, so as to pass the title to the grantee without any certificate of acknowledgment. *Fryer* v. *Rockefeller*, 63 N. Y. 268. Generally the necessity for an acknowledgment arises out of registry acts, which require certain formal proof of the execution of the deed before it can be recorded, in such a way as that the record shall furnish constructive notice of its contents, so as to affect subsequent purchasers. An acknowledgment is, therefore, not, as a general rule, essential to the validity of a deed as between the parties to it, but is only necessary in order to the effectual admission of the deed to record. *Hubble* v. *Wright*, 23 Ind. 322; *Mays* v. *Hedges*, 79 Ind. 288; *Behler* v. *Weyburn*, 59 Ind. 143; *Doe* v. *Naylor*, 2 Blackf. 32; 5 Am. and Eng. Cyclop. of Law, 443.

Ordinarily only subsequent purchasers for value can take advantage of the omission of words of identification, or other formal defects in the certificate of acknowledgment. *Mastin* v. *Halley*, 61 Mo. 196; *Chouteau* v. *Burlando*, 20 Mo. 482; 1 Am. and Eng. Cyclop. of Law. 154, 158.

At common law a married woman had no power to make a valid conveyance of her separate real estate. Her power in that respect is conferred and regulated by statute in the several States. Hence, where the certificate of acknowledgment is made an essential feature of the conveyance of the separate estate of a married woman, the form prescribed

must be observed, or the deed will be invalid. *Jordan v. Corey*, 2 Ind. 385; *Woods* v. *Polhemus*, 8 Ind. 60.

It does not appear that the conveyance in question involved the separate estate of a married woman, and, if it did, we are not advised that the statutes of the State of Tennessee prescribe any particular form of certificate as essential to the validity of the conveyance between the parties to it.   So far as appears, the statutes set out with the complaint relate entirely to the requisites of a certificate of acknowledgment as prescribed by the recording acts.  Moreover, officers have the right, and it is a duty which they may be compelled at any time to perform, to correct mistakes in their certificates.  *Jordan* v. *Corey*, *supra;* 1 Am. and Eng. Cylop. of Law, 149.

Assuming that the officer before whom the deed was acknowledged did his duty, and examined the wife separate and apart from her husband, it would follow that the informality in the certificate was the result of a mere clerical omission which might be corrected on proper application. *Fleming* v. *Potter*, 14 Ind. 486.

2. Even though the title was defective on account of the omission in the certificate, the conveyance was not void, and, as has been seen, it does not appear that the plaintiff offers, or has offered, to reconvey.   It is familiar law that a party will not be permitted to rescind a contract so as to reclaim what he has parted with, and at the same time hold on to what he has received in the transaction.  *Higham* v. *Harris*, 108 Ind. 246, and cases cited; *Patten* v. *Stewart*, 24 Ind. 332; *Home Ins. Co.* v. *Howard*, 111 Ind. 544; *Thompson* v. *Peck*, 115 Ind. 512.   So long as the plaintiff manifests a disposition to hold on to the land conveyed to him, he can acquire no standing in a court of equity to rescind the contract.   There was no error.

The judgment is, therefore, affirmed, with costs.

Filed Oct. 29, 1889.