Filed May 27, 1890.

---

No. 14,130.

## PECK ET AL. *v.* VINSON, GUARDIAN.

CONVEYANCE.—*Insane Person.—Action for Rescission.—Tender of Deed to be Signed.*—Where one takes a conveyance from a person whom he knows to be of unsound mind, and refuses to rescind the contract and reconvey the land upon demand made, claiming it as his own, he will not be allowed, when suit is brought, to defeat the action by reason of its not being alleged in the complaint that a deed was tendered to him to sign at the time he refused to convey, and asserted title to the land.

SAME.—*Complaint.—Sufficiency of.*—In an action to rescind a contract for the sale of land, and to recover the same, where a complaint alleges that the defendant, for the fraudulent purpose of procuring a conveyance of the land, ingratiated himself into the confidence of an old, infirm, and weak-minded lady, and that by feigning an affection for her, and by falsely representing to her that he was a man of means, he ob-

tained the land, worth $4,000 for $1,500, which by a condition in the mortgage could not be collected for ten years, fraud is sufficiently shown.

From the White Circuit Court.

*L. Walker, A. W. Reynolds* and *E. B. Sellers,* for appellants.

*T. F. Palmer* and *A. K. Sills,* for appellee.

OLDS, J.—This was an action brought by the appellee, James V. Vinson, guardian of Catharine Delong, a person of unsound mind, against appellants, George W. Peck, Lury Peck, Joseph F. Peck and Martha Peck to rescind a contract for the sale of and to recover a tract of land in White county, Indiana.

The said Catharine Delong was the owner of the real estate in controversy, and she was an old lady about eighty years of age, of unsound mind, and incapable of managing her own estate, and the said George W. Peck was upon terms of intimacy with her, and induced her to convey the real estate, which was worth about $4,000, for $1,500, for which sum he executed to her ten notes of $150 each, payable one each year for ten years, and secured them by mortgage on said real estate, providing that the same should not be foreclosed until the last note became due, in case the interest was kept paid.

The complaint is in three paragraphs, and a demurrer to each paragraph was overruled, and the ruling assigned as error.

There was a trial by the court, and a special finding of facts and conclusions of law, and judgment for appellee. Appellants also moved for a new trial, which motion was overruled, and the ruling is assigned as error.

The first and second paragraphs of the complaint are substantially the same.

Mrs. Delong was adjudged of unsound mind after the execution of the deed, and the appellee was appointed as her guardian.

The first and second paragraphs of the complaint allege the appointment of the appellee as guardian; that Mrs. Delong owned the land; that it was of the value of $4,000; that she was of unsound mind at the time she made the deed to George W. Peck, and that he knew she was of unsound mind; that he induced her to make the deed to him, and paid no valuable consideration for the same; that he executed to her his notes for $1,500, secured by mortgage, as the only consideration; that he was and is totally insolvent; that the guardian demanded a reconveyance of the real estate, and that Peck refused to do so, and an offer to surrender the notes and mortgage, and if it should be found that Peck had paid any other value for said land, to repay to him such sum as might by the court be found due, and alleging that the other defendants had some claim as a reason for making them parties.

The only objection urged to these two paragraphs of complaint is that they do not allege that at the time the guardian demanded a rescission of the contract he also tendered to George W. Peck a deed to sign reconveying the same.

We do not think this an available objection to the complaint.

This was an application to a court of equity to grant the appellee relief, and the court can grant such relief as the appellee may be entitled to, and upon such terms as the court may deem equitable; but the complaint alleges that the appellee's ward was of unsound mind at the time she made the deed, and that the appellant George W. Peck knew she was of unsound mind, and that he fraudulently pretended to purchase the land, and fraudulently procured her to execute to him a deed for the land. Having taken a conveyance from a person whom he knew to be of unsound mind, it was his duty to restore the title to her upon demand, and it is alleged that when demand was made on said Peck to do so, he refused, and claimed the land as his own. Under the facts as

alleged it would have been of no avail if the guardian had tendered to Peck a deed to sign reconveying the land.

After Peck refused to rescind the contract and reconvey the land when demanded, and claimed it as his own, he will not be allowed when suit is brought to defeat the action by reason of its not being alleged in the complaint that a deed was tendered to him to sign at a time when he refused to reconvey, and asserted his title to the land.

There was no error in overruling the demurrer to these two paragraphs of the complaint.

The third paragraph of the complaint sets out the fact that Mrs. Delong was adjudged of unsound mind, and the appointment of the appellee as her guardian, and seeks to rescind the contract for fraud, and it is contended that the paragraph is insufficient; that the fraudulent representations alleged are not as to material facts, and that to rescind a contract on account of fraudulent representations the representations must be of material existing facts, must be false, and must have been relied upon as an inducement to enter into the contract.

This paragraph alleges that Mrs. Delong, at the time of making the conveyance, was an old lady, near eighty years of age; that she was weak, and feeble in mind and body, which was well known to the defendant, George W. Peck, and that said Peck, for the fraudulent purpose of procuring a conveyance and possession of said real estate, falsely and fraudulently pretended to said Mrs. Delong that he was her friend, and truly sympathized with her in her loneliness and helplessness; that he, with her consent, made her house his home, and paid great attention to her; that he represented to her that he was a man of means, and was able to care for her during the balance of her natural life, and that he would care for her; that by reason of said false and fraudulent representations, which she believed to be true, he procured her thereby to convey to him said land for the pretended consideration of $1,500, for which he gave her his ten prom-

issory notes for $150 each, payable respectively in 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 years, and secured the same by a mortgage on said real estate, in which mortgage it was conditioned that it could not be foreclosed until the last note became due ; that the real estate was worth the sum of $4,000.

This paragraph does not show these parties to be related, and it does show that the defendant, for the fraudulent purpose of procuring a conveyance of the land, ingratiated himself into the confidence of an old, infirm, weak-minded lady, nearly eighty years of age ; that he feigned an affection for, and an interest in her welfare ; that he falsely represented he was a man of means, and able to care for her during her natural life, when he was not; that he obtained the land for $1,500, when it was worth $4,000, and placed a condition in the mortgage whereby said sum could not be collected for ten years.

In *Robinson* v. *Glass,* 94 Ind. 211, the court instructed the jury that " The infirmity of age and of mind may be taken into consideration where an effort has been made to deceive, in determining whether or not the person claimed to have been deceived exercised common prudence, such as persons similarly situated would ordinarily exercise under like circumstances." This we think proper in determining whether or not the facts alleged constitute such fraud as will entitle the party to a rescission of the contract or not. It is proper to consider the circumstances under which they were made, and the condition of the parties by whom and to whom they were made ; the inadequacy of the consideration to be paid for the property is proper to be considered in determining the motives of the person seeking the conveyance, and as to whether the person making the conveyance was improperly influenced. The averments in the complaint of the fraudulent acts and representations on the part of George W. Peck show a cunning, fraudulent purpose to cheat the old lady out of her farm, and that he accomplished his purpose ; the further allegations show that he was about to transfer it

into the hands of innocent purchasers, for value. *Shuee* v. *Shuee,* 100 Ind. 477; *Physio-Med. College of Indiana* v. *Wilkinson,* 108 Ind. 314.

The court's finding is based upon the other paragraphs of the complaint. The finding is that Mrs. Delong, at the time she made the conveyance, was of unsound mind, and incapable of managing her own estate, and that said George W. Peck knew that she was of unsound mind, and that he fraudulently persuaded and induced her to make the conveyance, and that the land was of the value of $3,100. There was no available error in overruling the demurrer to the third paragraph of the complaint.

It is further contended that the finding of the court is not supported by sufficient evidence. In this we can not concur. There is evidence warranting the finding of the court.

There is no error in the record.

Judgment affirmed, with costs.

Filed May 28, 1890.