THE CITIZENS' STREET RAILROAD COMPANY v. HORTON.

[No. 2,148.   Filed November 2, 1897.]

COMPROMISE AND SETTLEMENT. — *Contract Procured by Fraud.* — *Rescission.*—*Return or Tender of Consideration.*—A party claiming to have been induced by fraud to sign a contract and agreement, and having received something of value for the execution of the alleged contract, cannot ignore the same and proceed in the assertion of his original rights as if the contract had not been made, without disaffirming the contract, and restoring or offering to restore, what he may have received under the contract.

From the Marion Superior Court. *Reversed.*

*A. L. Mason, W. H. Latta, W. H. H. Miller, F. Winter* and *J. B. Elam,* for appellant.

*F. W. Cady, W. E. Bailey, O. H. Myrick* and *J. M. Bailey,* for appellee.

COMSTOCK, J.—This action was brought to recover damages for personal injuries to appellee caused by the alleged negligence of appellant as a common carrier. The complaint is in two paragraphs, filed at different dates. Before the second paragraph was filed, defendant filed a dismissal of the case signed by the appellee. Upon motion of appellee this written dismissal was stricken from the files, to which ruling appellant excepted. The two paragraphs differ chiefly in that the second states more in detail the facts than the first. A demurrer to each paragraph was overruled, and to each the appellant filed an answer in two paragraphs. The first is a general denial. The second alleges that after the filing of this suit on the 6th day of March, 1895, said appellant and said appellee entered into a contract of settlement and compromise

of all the matters in dispute in this cause, and that upon payment to the said appellee of the sum of $150.00, paid at the time mentioned, the said appellee executed and delivered to this appellant her certain release, quietus, and quit claim, a copy of which is hereto attached and marked "exhibit A;" wherefore, defendant prays that the cause be dismissed, and for all other proper relief.

Appellee replied to the second paragraph of answer, admitting that she executed the release, or receipt, attached to the second paragraph of defendant's answer and marked "exhibit A," but that she was induced to execute the same by reason of false and fraudulent representations of appellant's agents at a time when she was sick, under the care of a physician, and under the influence of opiates administered to her by her physician for the purpose of alleviating the pain and suffering of plaintiff, and while she was wholly unfit and wholly incompetent to transact any business of any kind or character, which condition was known to the said agents of appellant.

The answer sets out the representations which she claims were false and were made by said agents.

A demurrer to the reply was overruled and exception taken. The trial resulted in a judgment for ap-lee. The court overruled appellant's, and sustained appellee's motion for judgment, and rendered judgment in her favor for $900.00. The appellant filed a motion for a new trial, which was overruled.

The assignment of errors challenges the rulings of the court upon the demurrers, upon the motion for judgment, upon the motion for a new trial, and upon the motion to strike the dismissal of plaintiff from the files. The controlling question on this appeal is, "Was it necessary for appellee to pay or tender back to appellant the sum of money ($150.00) paid to her by ap-

pellant as the consideration for the alleged settlement of the action before she could proceed any further?"

Appellant contends for the affirmative of this proposition, and that the demurrer to the reply should have been sustained, for the reason that it does not allege an avoidance of the contract of settlement set up in the second paragraph of answer.

Appellee contends that the tender back or repayment of the money paid as the consideration of the settlement was not necessary before proceeding with the action.

It is the law in Indiana that defective contracts are either void or voidable. Contracts made with persons after they have been adjudged insane are absolutely void. The adjudication has no less force before than after the appointment of a guardian. *Redden* v. *Baker, Gdn.*, 86 Ind. 191. Contracts with infants, weak-minded people, married women, under certain circumstances; contracts induced by fraud, mistake, misrepresentations, and deceit, are voidable only. They may be avoided by the maker or his representative. *Ashmead* v. *Reynolds*, 127 Ind. 441. A contract entered into under the conditions set up in the reply has been declared, under numerous decisions of the Supreme Court of this State, to be voidable. See *Keller* v. *Equitable Fire Ins. Co.*, 28 Ind. 170; *Boyer* v. *Berryman*, 123 Ind. 451; *Peck* v. *Vinson*, 124 Ind. 121; *McMillan* v. *Deering & Co.*, 139 Ind. 70, and the decisions therein cited.

When a party has entered into a voidable contract and wishes to be restored to the rights he possessed before the contract was executed, he must promptly disaffirm the contract.

Section 897, vol. 2, Pomeroy's Equitable Jurisprudence, upon the subject of disaffirmance, reads as fol-

lows: "All these considerations as to the nature of misrepresentations require great punctuality and promptness of action by the deceived party upon his discovery of the fraud. The person who has been misled is required, as soon as he learns the truth, with all reasonable diligence to disaffirm the contract, or abandon the transaction, and give the other party an opportunity of rescinding it, and of restoring both of them to their original position. He is not allowed to go on and derive all possible benefits from the transaction, and then claim to be relieved from his own obligations by a rescission or a refusal to perform on his own part. If after discovering the untruth of the representations, he conducts himself with reference to the transaction as though it were still subsisting and binding, he thereby waives all benefit of and relief from misrepresentations."

These principles have been applied by the Supreme Court of this State to voidable contracts. *Parks* v. *Evansville, etc., R. R. Co.*, 23 Ind. 567; *Patten* v. *Stewart*, 24 Ind. 332; *Hanna* v. *Shields*, 34 Ind. 84; *DeFord* v. *Urbain*, 48 Ind. 219.

In *Heaton* v. *Knowlton*, 53 Ind. 357, a promissory note had been procured by false and fraudulent representations. It was held that the party defrauded could not rely on the fraud as a defense in an action on the note if, as the consideration of the note, he received anything of value which he did not restore or offer to restore. The court, speaking by Buskirk, J., said: "The conclusion at which we have arrived renders it unnecessary for us to decide whether the representation, found by the jury to have been made, amounted to such a fraud as would vitiate the contract. Conceding that the contract was procured by false and fraudulent representations, the party defrauded cannot rely upon such fraud, as a defense,

unless he has rescinded the contract and offered to restore whatever of value he has received. A party can not repudiate a contract on the ground of fraud, and at the same time retain the benefits derived from it, but must, when he discovers the fraud, restore or offer to restore to the other party what he received, and failing to do this, he affirms the contract. When the consideration received is of any value to either party, its return must be tendered before the party can sustain an action for rescission of the contract or successfully defend an action based upon such contract. A party to a contract cannot treat it as good in part and void in part, but he must affirm it or avoid it as a whole; nor can a contract, either for mistake or fraud, be rescinded in part and affirmed in part, but must be rescinded *in toto*, or not at all." Citing *Shaw* v. *Barnhart*, 17 Ind. 183; *Shepherd* v. *Fisher*, 17 Ind. 229; *McGuire* v. *Callahan*, 19 Ind. 128; *Johnson* v. *Houghton*, 19 Ind. 359; *Love* v. *Oldham*, 22 Ind. 51; *Cain* v. *Guthrie*, 8 Blackf. 409; *Fisher* v. *Wilson*, 18 Ind. 133; *Stewart* v. *Ludwick*, 29 Ind. 230; *Johnson* v. *Cookerly*, 33 Ind. 151; *Joest* v. *Williams*, 42 Ind. 565.

We think it may be regarded as settled in this State, that a party claiming to be defrauded into the signing of a contract and agreement, and having received something of value for the execution of the alleged contract, cannot ignore the same and proceed in the assertion of his original rights as if such contract had not been made, without disaffirming such contract, and substantially restoring or offering to restore the *statu quo*. *Watson Coal, etc., Co.* v. *Casteel*, 68 Ind. 476; *Cates* v. *Bales*, 78 Ind. 285; *Johnson* v. *Culver*, 116 Ind. 78; *Home Ins. Co.* v. *Howard*, 111 Ind. 544; *Thompson* v. *Peck*, 115 Ind. 512, 1 L. R. A. 201; *Westhafer* v. *Patterson*, 120 Ind. 459; *Norwich, etc., Ins. Society* v. *Girton*, 124 Ind. 217; *Home Ins. Co.* v. *Mc-*

*Richards*, 121 Ind. 121; *Louisville, etc., R. W. Co.* v. *Herr*, 135 Ind. 591; *Wabash, etc., Union* v. *James*, 8 Ind. App. 449.

This principle applies equally to a case of contract made in settlement of contractual disputes, and the adjustment of rights growing out of torts. There is no better reason why parties having a defense to an antecedent tort shall not make settlement of such defense than if such defense grew out of a contract. Nor is there any better reason why in the one case having made an agreement of settlement, and having received something of value in consideration for the same, either party should be permitted to repudiate the settlement and stand upon his antecedent rights without restoring the *statu quo* in one case than in the other. A large proportion of controversies arise between individuals having a choice of actions, either to waive the tort and sue in contract, or sue in tort.

In *Louisville, etc., R. W. Co.* v. *Herr, supra,* an action for a personal injury by appellee against appellant, a contract of settlement had been made, and the court held that a reply to an answer setting up such settlement, which failed to show a rescission and restoration of *statu quo,* bad. While the word fraud is not used in the pleading, it was agreed that the alleged settlement was made and receipt procured from the appellee when he was *non compos mentis,* and when the appellant well knew that he was *non compos mentis.*

When a party goes into court in an equitable suit to rescind, it is sufficient if he brings into court that which was received, and the return of which is necessary to the restoration of the *statu quo,* but the case at bar is an action at law upon an original alleged liability. There is an answer of compromise and settlement and reply, averring that such compromise and settlement was obtained by fraud, but not denying

the receipt of the money in consideration of the settlement, and neither alleging restoration, or offer to restore the same. Such allegations would not be sufficient in a direct proceeding in equity for rescission.

In the case at bar the court erred in overruling the demurrer to the reply.

Counsel for appellee, in their able brief, argue with earnestness and ability, and cite a number of authorities in support of the negative of the proposition here presented. At the risk of unduly extending this opinion, these authorities will be considered.

*O'Brien* v. *Chicago, etc., R. W. Co.,* 89 Ia. 644, 57 N. W. 425, is a case strongly relied upon by appellee, and supports her position. It is a decision of the supreme court of Iowa. It appears from the opinion that the decisions in that state are in conflict on this question. The opinion, on page 427, quoting from the case of *Kley* v. *Healy* (N. Y. App.), 28 N. E. 593, as follows: " 'A more satisfactory answer, however, may be found in the principle that one who attempts to rescind a transaction on the ground of fraud is not required to restore that which, in any event, he would be entitled to retain, either by virtue of the contract sought to be set aside, or of the original liability.' " And following the quotation the supreme court of Iowa says: "This principle commends itself as eminently just. Applying it to the facts in the case at bar, we may well inquire, why should the plaintiff tender to the defendant that which the plaintiff was entitled to retain, even if defeated in the action? In that event he would retain the $250.00 [the amount paid in settlement] by virtue of what the defendant contends is a valid transaction. When the court directed the jury that, if the plaintiff was entitled to recover, the sum paid at the alleged settlement should be deducted from the verdict, it was, in effect, a return of the money paid for the release."

*Kley* v. *Healy, supra,* was an action to set aside a judgment in favor of the plaintiff, and the language so quoted was used with reference to that fact. There was no dispute that the judgment was valid, and that the amount shown upon its face was due. The judgment defendant had procured the judgment plaintiff to execute a release thereof by false representations, and as a part of said transaction had paid a part of the costs, and the court correctly said that in any event the judgment defendant was liable for the face of this judgment and the costs, and that, therefore, he had not paid anything that he was not bound to pay, and therefore had no right to have repayment before action brought for the fraudulent representation. In the Iowa case a brakeman sued his employer for negligence causing him personal injury. The liability was not admitted, but denied. In the case at bar, the liability is denied. With deference to the learned court from whose opinion we have just quoted, we think the case of *Kley* v. *Healy, supra,* is not analogous to *O'Brien* v. *Chicago, etc., R.W. Co., supra,* and gives it no support.

In the case at bar two issues were for trial: First. Was the appellee injured under such circumstances as to entitle her to damages from the appellant? Second. Was the settlement made under such circumstances that it ought to be set aside? If the last issue had been found in favor of plaintiff, and the first issue in favor of the defendant, the plaintiff would have $150.00 of defendant's money without right, and if she were insolvent, the defendant would be without remedy. The doctrine of the Iowa case must rest upon the proposition that when an action is brought for damages for personal injuries, or is threatened to be brought against an individual or a corporation, a compromise is made and money paid to avoid litigation, the courts will conclusively presume that such

party was bound to pay at least as much as was paid. This is against the accepted policy of the law that no party in making a compromise shall be deemed as admitting a cause of action, because the law favors the avoidance of litigation by compromise. In some of the cases cited in appellee's brief, the respective plaintiffs claimed, and gave evidence in support of such claim, that the money received was not received in compromise and settlement of the damages, but for some other purpose, such as wages, loss of time, loss of property, as gratuity, etc. To this effect are the following cases: *Mateer* v. *Missouri, etc., R. W. Co.*, 105 Mo. 320, 15 S. W. 970, in which case plaintiff's testimony was positive that the $300.00 paid him was for loss of time, and not in settlement of his claim for damages. In *Shaw* v. *Webber*, 29 N. Y. Supp. 437, it was claimed that the money received was a gratuity given by defendant's wife to plaintiff. In *Sobieski* v. *St. Paul, etc., R. R. Co.*, 41 Minn. 169, 42 N. W. 863, and *Vantrain* v. *St. Louis, etc., R. W. Co.*, 78 Mo. 44, the amounts were paid as wages, not in settlement of claims for damages. In *Illinois Cent. R. R. Co.* v. *Welch*, 52 Ill. 183, the money was paid for loss of time, and not in settlement.

The law on this subject, and the distinctions are clearly stated in the case of *Mullen* v. *Old Colony R. R. Co.*, 127 Mass. 86, being one of the cases cited in *O'Brien* v. *Chicago, etc., R. W. Co., supra.* The Massachusetts court says: "It is well established that, if a party enters into a contract and in consideration of so doing receives money or merchandise, and afterward seeks to avoid the effect of such contract as having been fraudulently obtained, he must first give back to the other party the consideration received. *Coolidge* v. *Brigham*, 1 Met. 547; *Estabrook* v. *Swett*, 116 Mass. 303. And if, after accepting a certain sum in settle-

ment of an unliquidated claim for damages under a contract, one seeks to pursue his remedy for the damages on the ground that the settlement was procured by fraud, or is not binding upon him, he must first repay the amount received. *Brown* v. *Hartford Ins. Co.*, 117 Mass. 479. The principle upon which these decisions rest is just; but it applies to those cases only where that which was received, and which must be returned, was the consideration of the contract or settlement which the receiver intended to make, and understood that he was making, and which he seeks to avoid by reason of fraudulent practices of the other party which led him to agree to its terms. It does not apply to cases where a party holds out that he gives the consideration for one thing, and by fraud obtains an agreement that it was given for another thing."

In the following cases cited by appellee, the question of restoration to *statu quo* was not raised: *Bussian* v. *Milwaukee, etc., R. W. Co.*, 56 Wis. 325, 14 N. W. 452; *Connor* v. *Dundee Chemical Works*, 50 N. J. Law 257, 17 Atl. 975; *Eagle Packet Co.* v. *Defries*, 94 Ill. 598; *Webb* v. *Steele*, 13 N. H. 230; *Dixon* v. *Brooklyn, etc., R. R. Co.*, 100 N. Y. 170; *Sobieski* v. *St. Paul, etc., R. R. Co., supra; Illinois Cent. R. W. Co.* v. *Welch, supra; Schultz* v. *Chicago, etc., R. W. Co.*, 44 Wis. 638.

In *Girard* v. *St. Louis, etc., Co.*, 46 Mo. App. 79, a portion of the consideration received in settlement was not paid back, and the court says: "It is not the law that a party who has been induced by the fraud of the other party, to release his right of action against the latter, must restore the consideration which he has received for the giving of the release, in order to be entitled to set up the fraud in avoidance of the release in an action upon the cause of action thus released. *Chicago, etc., R. W. Co.* v. *Lewis*, 109 Ill. 120.

The Citizens' Street Railroad Company *v.* Horton.

It is true, as a general proposition of law, that one, who is induced by fraud to enter into a contract with another, must, within a reasonable time after discovering the fraud, notify the other party of its rescission and restore to him whatever consideration he has received under it. But he is not bound to restore to the other party what he has received under it, where the other party is indebted to him in a larger amount."

The reasoning is along the line of *O'Brien* v. *Chicago, etc., R. W. Co., supra.* An examination of the case of *Chicago, etc., R. W. Co.* v. *Lewis, supra,* will show that the evidence tended to show that the money received, and which was not tendered back, was not received in settlement, but was paid for loss of time and expenses incident to the delay resulting from the accident. It does state that if a release was obtained by fraud at the time when plaintiff was incompetent to contract, it was absolutely void as between the parties, and will not stand in the way of an assertion of any right by the party defrauded.

Our Supreme Court holds the reverse, as the decisions heretofore cited show. The case of *Girard* v. *St. Louis, etc., Co., supra,* and *O'Brien* v. *Chicago, etc., R. W. Co., supra,* assumed the matter in dispute. They assume that whether there was an indebtedness was not an open question. In *Chicago, etc., R. R. Co.* v. *Doyle,* 18 Kas. 58, a reply avoiding the release, stated that the plaintiff, if he executed the release, did so under the belief that it was a receipt for wages. The language of the court, however, is broader than the reply called for, and may be said to sanction the doctrine as declared in *O'Brien* v. *Chicago, etc., R. W. Co., supra.*

An examination of the cases cited by appellee leads us to the conclusion that most of them are distinguishable from the case at bar, and that those which are not, are contrary to the decision of our Supreme

Court, and are unsound in principle. The cases upon which the appellee relies, go upon the idea that the jury were instructed to give credit in their verdict for money paid on the compromise, and that the defendants received the benefit of such payment in reduction of damages. The instructions given in the case before us, direct the jury to award the plaintiff such damages as will fully compensate her for all the injuries received, and ignore the fact that money had been paid by appellant to her.

We do not deem it necessary to pass upon the other alleged errors.

Judgment reversed, with instructions to the lower court to sustain the demurrer to the reply, and for such other proceedings not inconsistent with this opinion.