## SOUTH BEND AND MISHAWAKA GAS COMPANY ET AL.
## v. JENSEN.

[No. 22,220. Filed June 24, 1914. Rehearing denied December 15, 1914.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Sufficiency.*—A complaint in a servant's action for personal injuries, proceeding on the theory that defendant asked and directed plaintiff to leave his work of meter repairer and assist in the demolition of a smokestack, and that in so doing it was defendant's duty to furnish a safe place to work, and that its failure to do so was negligence, was sufficient. p. 558.

2. MASTER AND SERVANT.—*Injuries to Servant.—Settlement for Injuries.—Validity.—Fraud.*—A contract in settlement of a claim for personal injuries procured by fraud is voidable, but not void; and in such case the injured party must return the consideration received before he can maintain an action for the damages resulting from his injuries. p. 559.

3. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Defense of Settlement.—Reply.—Sufficiency.*—Where a defendant in a servant's action for personal injuries answered that it had settled with plaintiff, and that in consideration of the payment to him of $103.25, and certain other payments made to other persons at plaintiff's request, etc., plaintiff had released his claim, a reply alleging that the release was procured by reason of plaintiff's inability to comprehend the instrument he was signing, that the defendant represented that he was signing a voucher for wages, "and that all the money he received at that time was $50, and that there was $50 due him as wages at that time," was insuf-

ficient for failure to aver a rescission of the contract and a return of what was paid, or to set up facts to avoid all the matters alleged in the answer.   p. 560.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by James K. Jensen against the South Bend and Mishawaka Gas Company and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*McInerny & McInerny* and *Howell, Hubbell, Jones & Yeagley,* for appellants.

*Frank H. Dunnahoo* and *J. W. Sutton,* for appellee.

ERWIN, J.—This was an action by appellee against appellants for personal injuries alleged to have been sustained by him while in the employ of appellants, and while engaged in tearing down a smokestack, which had become unsafe by reason of decay.

The questions presented by the record are: the sufficiency of the complaint; the sufficiency of the second paragraph of reply; the refusal of the court to submit to the jury certain interrogatories submitted by appellants; the giving, by the court, of certain instructions tendered by appellants; and the admission and rejection of certain evidence.

The complaint was in three paragraphs. Each of these paragraphs proceeds upon the theory that the appellants asked and directed the appellee, who was an employe to leave his work, being that of meter repairer, and assist in the demolition of a smokestack, and that in so doing it was the duty of the employer to furnish a safe place to work, and that his failure to do so is actionable negligence. The complaint states a cause of action for negligence.

To the complaint appellants filed an answer in two paragraphs; the first a general denial, the second a plea of payment and full settlement of the damages. To the second paragraph of answer appellee filed a reply in two paragraphs, the first a general denial, the second a plea in avoid-

ance.   To the second paragraph of reply, appellants demurred on the ground that it did not state facts sufficient in avoidance of, or in bar of, a defense to the defendants' second paragraph of answer.   This demurrer was overruled. The answer to which this reply was addressed alleges that appellants, after the injury complained of and after appellee had made claim for damages by reason of said injuries settled and compromised appellee's claim, and in consideration of the payment to appellee of the sum of $103.25 and in consideration of certain other payments, made by appellants to divers persons, on account of appellee, and at his request, that appellee then and there executed and delivered to appellants his release.   Then follows a copy of the agreement in which appellee agrees to receive the sum named, in full and final settlement of said claim and of all claims and demands whatsoever.   The reply is in substance that the release was procured, if it was procured at all, by reason of his inability, due to his injuries, to comprehend the meaning of the instrument he was signing, and that the party procuring the same represented that the same was due him as wages, and that he believed that he was signing a voucher for wages, and that all the money he received at that time was $50, and that there was $50 due him as wages at that time.

It is contended by appellants that this reply is insufficient to withstand a demurrer, for the reason that there is no allegation of any offer to return the consideration, received by appellee, after the fraud was discovered, and before the bringing of this action.

It is settled in this State, and by the decision of many other states that a contract of settlement procured by fraud is voidable only and not void.   *Citizens St. R. Co.* v.

2.   *Horton* (1897), 18 Ind. App. 335, 337, 48 N. E. 22, and cases cited.   It is also as well settled that where a settlement is made for damages growing out of tort, although induced by fraud, that before an action can be main-

tained for damages growing out of the tort there must be a return of the consideration received. *Citizens St. R. Co.* v. *Horton, supra; Shaw* v. *Barnhart* (1861), 17 Ind. 183; *Home Ins. Co.* v. *Howard* (1887), 111 Ind. 544, 13 N. E. 103; *Thompson* v. *Peck* (1888), 115 Ind. 512, 18 N. E. 16, 1 L. R. A. 201; *Westhafer* v. *Patterson* (1889), 120 Ind. 459, 22 N. E. 414, 16 Am. St. 330; *Louisville, etc., R. Co.* v. *Herr* (1893), 135 Ind. 591, 35 N. E. 556; *Commercial Life Ins. Co.* v. *Schroyer* (1911), 176 Ind. 654, 95 N. E. 1104, Ann. Cas. 1914 A 968; *Horner* v. *Lowe* (1902), 159 Ind. 406, 412, 64 N. E. 218; 2 Pomeroy, Eq. Jurisp. §879; *Colidge* v. *Bingham* (1840), 42 Mass. 547; *Estabrook* v. *Swett* (1874), 116 Mass. 303; *Brown* v. *Hartford Fire Ins. Co.* (1875), 117 Mass. 479; *Indianapolis Abattoir Co.* v. *Bailey* (1913), 54 Ind. App. 370, 102 N. E. 970; 9 Cyc. 438.

This paragraph of reply was addressed to the second paragraph of answer, and seeks to avoid said paragraph, but fails in that it does not attempt to avoid all matters set up in the paragraph of answer to which it was addressed. The statement *"that all the money received at that time* [our italics] was fifty dollars"*, impels the inference that other money was paid him at other times; at least it does not meet the averments of the answer that other money was paid and other valuable considerations were given in settlement. As to the amount alleged to have been paid in settlement in excess of $50, appellee makes no reply. A reply to be sufficient must be good as to entire answer to which it is addressed, otherwise it will be open to demurrer. *Silvers* v. *Canary* (1887), 109 Ind. 267, 268, 9 N. E. 904. Under the authorities above cited, the reply was insufficient for failure to aver a rescission of the contract of settlement, and a return of whatever was paid, or received under said contract of settlement; or at least an offer to return the same, or some reasonable excuse for not doing so, before suit was brought on the original cause of action; or else directly aver that the only money ever received under the contract,

was for wages due at the time of settlement, and the court erred in overruling the demurrer thereto.

Judgment reversed with instructions to grant a new trial and to sustain the demurrer to the second paragraph of reply.

NOTE.—Reported in 105 N. E. 774. As to when compromise and settlement are enforceable on payment of part of a demand, see 100 Am. St. 412, 429. For authorities on the question of fraud as affecting compromise, see 25 L. R. A. (N. S.) 808. As to the necessity of returning or tendering the consideration upon the repudiation of a release of damages for personal injuries procured by fraud, see 4 Ann. Cas. 655; 10 Ann. Cas. 739; Ann. Cas. 1912 D 1084. See, also, under (1) 26 Cyc. 1386; (2) 34 Cyc. 1071; (3) 34 Cyc. 1097.