## NORWOOD V. ERIE RAILROAD COMPANY, INCORPORATED

[No. 17,213. Filed March 3, 1944.]

*Thorpe, Bamber & Harrison,* of Hammond, for appellant.

*Crumpacker & Friedrich, Edwin H. Friedrich,* and *Bernard A. Petrie,* all of Hammond, (*Follansbee, Shorey & Schupp,* of Chicago, Illinois, of counsel) for appellee.

DOWELL, J.—Appellant, plaintiff below, filed his action for damages alleging that during the course of his employment with appellee, a railroad corporation then and there operating a locomotive in interstate commerce, he received an injury to his left eye caused by the unlawful operation of said locomotive, described

as unsafe and dangerous, said injury resulting from the ejectment out of the stack thereof of a large, red-hot metal-bearing cinder which struck appellant's left eye causing injuries which resulted eventually in the total loss of sight thereof. The complaint further alleged that under a mutual mistake of fact appellant and appellee entered into an agreement whereby appellee paid to appellant the sum of. $390 and appellant executed his written release to appellee; that at the time both parties were mistaken as to the nature and extent of appellant's injuries and ignorant of the fact that a piece of said cinder had become embedded in appellant's left eyeball near the optic nerve.

The cause was tried to a jury and at the close of plaintiff's evidence, the court, upon motion, directed a verdict for appellee.

The sole error assigned is the overruling of the motion for new trial which challenges the sufficiency of the evidence, the legality of the verdict and the action of the court in directing a verdict for appellee.

Evidence adduced at the trial disclosed that appellant suffered the injury complained of on August 18 1939; that shortly thereafter he consulted with one of appellee's company physicians who referred him to another; that this second company physician treated the eye until about April, 1940; that afterward appellant went to a physician of his own choice for treatment and that in June or July of the same year began a course of treatment with a specialist in optometry. This latter specialist made several reports to appellant's attorney on appellant's condition and progress and on July 19th reported to the attorney that enucleation, or removal of the eyeball probably would be necessary. The attorney's testimony was to the effect that

he discussed these various reports more or less briefly with appellant.

Thereafter, on October 4, 1940, appellant, in the presence of his attorney, executed a written release to appellee, after reading same, or having had same read to him, and accepted in full settlement the sum of $390 in consideration for which he released and discharged appellee of liability for his existing injury and all future injuries arising therefrom.

More than a year later a surgeon removed a foreign particle from the left eyeball and appellant thereafter lost the sight of his left eye.

The evidence also reveals that appellant, at no time, restored or tendered to appellee the amount received by him as consideration for his release.

It is the law in this State that contracts induced by fraud or mistake are voidable only and may be avoided by the maker. *Crane Co.* v. *Newman* (1942), 111 Ind. App. 273, 37 N. E. (2d) 732; *Citizens' Street Railroad Co.* v. *Horton* (1897), 18 Ind. App. 335, 48 N. E. 22. And it has been held that before a party to a contract may rescind for either fraud or mistake he must have restored anything of value which he may have received in consideration for a release. Such a contract cannot be rescinded in part and affirmed in part but must be rescinded *in toto* or not at all. *Indianapolis Abbatoir Co.* v. *Bailey* (1913), 54 Ind. App. 370, 102 N. E. 970 and cases therein cited. Appellant, having failed thus to disaffirm or avoid his release was precluded from suing upon his original cause of action. *Citizens' Street Railroad* v. *Horton supra.*

Nor does the record lend any support to appellant's contention that the release was executed and settle-

ment made under a mistake of fact as to the nature and extent of appellant's injury which would entitle him to rescind in any manner. More than a year elapsed between the date of appellant's injury and the date of settlement during which time he was treated by physicians of his own choice. Approximately two and one-half months prior to the date of settlement appellant's own specialist foresaw the possibility of the removal of his left eyeball—the extremest loss possible to the eye as the result of the injury—and this finding was reported to appellant's attorney who, according to his own testimony, was watching the case closely and discussed the specialist's various reports with appellant. We cannot escape the conclusion that appellant, when he executed his release and accepted the consideration did so knowing that he faced the possibility of the total loss of his left eye. The evidence fails to show that appellant has lost more than that or that he received any other or additional injuries not within the contemplation of the parties at the time of settlement.

Affirmed.

NOTE.—Reported in 53 N. E. (2d) 189.