Lloyd **STRONG**, Appellant–Plaintiff,

v.

**Steve A. JACKSON and Judy L. Jackson, Appellees–Defendants.**

No. 76A03–0202–CV–54.

Court of Appeals of Indiana.

Jan. 21, 2003.

Latrialle Wheat, Angola, IN, Attorney for Appellant.

John M. Haecker, Grimm & Grimm, Auburn, IN, Attorney for Appellees.

## OPINION ON REHEARING

BARNES, Judge.

We issue this opinion on rehearing for the sole purpose of acknowledging one argument Lloyd Strong now makes regarding the trial court's reformation of the contract to convey real estate to Steve Jackson to provide Strong with an equitable life estate in the property, instead of rescinding the contract altogether. In our original opinion, we addressed and rejected Strong's argument that upon a finding of constructive fraud, a trial court must declare the entire transaction "void" and rescind the contract and may not order any other remedy. *Strong v. Jackson,* 777 N.E.2d 1141, 1150–52 (Ind.Ct.App.2002). Upon rehearing, Strong makes another argument not raised or argued in any way in

his original appellate briefs. Specifically, he contends that because he did not request reformation of the contract in his prayer for relief before the trial court, that court was without authority to order that particular remedy, citing *New Life Community Church of God v. Adomatis,* 672 N.E.2d 433, 438 (Ind.Ct.App.1996). Because Strong's complaint requested "recovery" of his property from Jackson, Strong argues, the trial court could only rescind the contract after finding constructive fraud and could not reform it.

We will not address whether *Adomatis* and the principle it stands for, namely that a trial court may not order a remedy not sought by the parties before it, controls this case. It is axiomatic that an issue not briefed or urged in the original briefs on appeal generally cannot be raised for the first time in a petition for rehearing. *See, e.g., City of Indianapolis v. Wynn,* 239 Ind. 567, 582, 159 N.E.2d 572, 573 (1959). "There are sound reasons for requiring a party to present all known arguments or claims to an appellate court before its decision is rendered. Rehearing opinions exhaust precious judicial resources that could be expended elsewhere." *Northern Indiana Commuter Transp. Dist. v. Chicago SouthShore,* 685 N.E.2d 680, 687 (Ind.1997). Issues may be raised for the first time on rehearing when a state court acts in an unanticipated way to deprive a party of the opportunity to make an argument or present a valid defense based on the Federal Constitution. *Id.* That situation is clearly not present here.

The issue of subject matter jurisdiction also may be raised for the first time in a rehearing petition. *See Baltimore & O.S.W.R. Co. v. New Albany Box & Basket Co.,* 48 Ind.App. 647, 96 N.E. 28, 29 (1911). A court's subject matter jurisdiction may be questioned at any time.

*See Mafnas v. Owen County Office of Family & Children,* 699 N.E.2d 1210, 1212 (Ind.Ct.App.1998). The trial court here did not lack subject matter jurisdiction. Subject matter jurisdiction concerns the power of a court to decide particular kinds of cases and depends neither on the intricacies of the pleadings nor on the correctness of any decision made by a court. *Pivarnik v. Northern Indiana Public Service Co.,* 636 N.E.2d 131, 137 (Ind.1994). Here, there is no challenge to the trial court's subject matter jurisdiction and we find no lack of such jurisdiction. Although some cases refer to a trial court lacking "jurisdiction" to render a judgment that does not conform to the pleadings, *see Holmes v. Randolph,* 610 N.E.2d 839, 843 n. 11 (Ind.1993), it is clear from the above definition that such an action does not deprive a court of subject matter jurisdiction. Thus, in this case there is no exception to the general rule that parties cannot raise an issue for the first time in a petition for rehearing, as Strong has attempted to do.

Finally, we reiterate and reemphasize a point made in our original opinion: a party seeking rescission of a contract has the burden of establishing that he or she will reimburse the other party for any benefits received under the contract. *See, e.g., Hart v. Steel Products, Inc.,* 666 N.E.2d 1270, 1275 (Ind.Ct.App. 1996), *trans. denied; Norwood v. Erie R.R. Co.,* 114 Ind.App. 526, 529, 53 N.E.2d 189, 190 (1944). The trial court made no finding here that Strong was willing and able to return to Jackson the $41,268.85 benefit Strong received by virtue of Jackson's paying the outstanding judgment against Strong, and the record strongly indicates the opposite. In order to rescind the contract at issue in this case, it was not enough for Strong to prove that it resulted from constructive fraud; he also had to

prove his willingness and ability to pay back Jackson. Otherwise, the contract could not be rescinded. With these observations, we reaffirm our original opinion in all respects.[1]

BAKER, J., and VAIDIK, J., concur.

---

1. On all other issues both parties raise in their petitions for rehearing, we deny the petitions without opinion.