**James H. HIGGASON, JR.,**
Appellant–Plaintiff,

v.

**Ed BUSS, Superintendent of the**
**Westville Correctional Facility,**
Appellee–Defendant.

No. 46A04–0603–CV–171.

Court of Appeals of Indiana.

Dec. 19, 2006.

James H. Higgason, Jr., Westville, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issue

James H. Higgason, Jr., appeals from the LaPorte Superior Court's dismissal of his writ of habeas corpus. Higgason raises the single issue of whether the Superior court properly dismissed Higgason's writ of habeas corpus for lack of subject matter jurisdiction. Concluding that the Superior court does not have jurisdiction and therefore properly dismissed the writ, we affirm.

### Facts and Procedural History

On September 27, 1985, Higgason was sentenced to five years for theft, a Class C felony, and his sentence was enhanced by twenty years pursuant to a finding that Higgason was an habitual offender. On April 8, 1999, the Conduct Adjustment Board ("CAB") determined that Higgason was guilty of a prison rule infraction that occurred at the Wabash Valley Correctional Facility. As a result of the determination, Higgason lost some of his earned good credit time.[1] On September 28, 2005, Higgason filed a writ of habeas corpus, challenging the validity of this determination. The Superior court dismissed the writ of habeas corpus on February 22, 2006, for lack of subject matter jurisdiction, pursuant to Indiana Trial Rule 12(B)(1). Higgason now appeals.

### Discussion and Decision

### I. Standard of Review

Our standard of review on a motion to dismiss for lack of subject matter juris-

diction is dependent upon the proceeding in the lower court. *Jennings v. St. Vincent Hosp. and Health Care Center*, 832 N.E.2d 1044, 1050 (Ind.Ct.App.2005), *trans. denied*. As in this case, when the lower court does not conduct an evidentiary hearing and rules solely on a paper record, we review the lower court's decision de novo. *Id.* We will give no deference to the lower court's factual findings or judgment because we are in the same position as the lower court to determine whether it has jurisdiction, as the lower court had no opportunity to evaluate the character and credibility of witnesses. *Id.*

### II. Subject Matter Jurisdiction

"Subject matter jurisdiction is the power of a court to hear a class of cases." *In re Paternity of M.G.S.*, 756 N.E.2d 990, 997 (Ind.Ct.App.2001), *trans. denied*. Whether a court has subject matter jurisdiction "depends neither on the intricacies of the pleadings nor on the correctness of any decision made by a court." *Strong v. Jackson*, 781 N.E.2d 770, 772 (Ind.Ct.App.2003), *trans. denied*. When determining whether a court has subject matter jurisdiction, we must determine "whether the claim advanced falls within the general scope of authority conferred upon the court by constitution or statute." *Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505, 508 (Ind.2005).

In *Blanck*, our supreme court noted the "long-standing precedent precluding judicial review of prison disciplinary decisions." *Id.* at 507. Higgason argues that despite this legal precedent to the contrary, the Superior court has subject matter jurisdiction in this case. We disagree.

---

[1]. Although it is unclear how much of his good credit time Higgason lost at this particular proceeding, Higgason has been the subject of many such proceedings, and the CAB has ultimately rescinded all of Higgason's good credit time.

Higgason first argues that the Superior court has jurisdiction pursuant to Indiana Code section 11–11–5–1, et seq., read in concert with the Open Courts Clause of Article 1, Section 12 of the Indiana Constitution. Our supreme court has addressed and rejected this precise argument. *Id.* at 510–11 (holding "the Legislature does not intend that inmates have a private right of action to enforce these statutes").

Higgason then argues that the Open Courts Clause, read in concert with the provisions of the Americans with Disabilities Act of 1990 ("ADA"),[2] confers subject matter jurisdiction upon the Superior court.[3] "The Open Courts Clause requires that where a cause of action has been created (by constitution, statute, or common law), courts must be open to provide remedy by due course of law." *Blanck,* 829 N.E.2d at 511. Prisoners may bring actions under the ADA. *Penn. Dep't. of Corr. v. Yeskey,* 524 U.S. 206, 209–10, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998). However, Higgason is not seeking relief under the ADA, but instead seeks review of a prison disciplinary decision, arguing that alleged violations under the ADA, along with the Open Courts Clause, confer subject matter jurisdiction upon a trial court. We find nothing in the text of the ADA or the case law interpreting it to support this argument. We hold that Higgason cannot use the ADA to obtain judicial review of his disciplinary proceeding.

Higgason also argues that the postconviction court has jurisdiction pursuant to Indiana Code section 34–25.5–2–1, et seq., read in concert with the Open Courts Clause. These statutes identify the procedural requirements for filing a writ of habeas corpus, but do not, in themselves, create a cause of action. Therefore, we reject Higgason's argument that these statutes confer jurisdiction upon the Superior court to review his prison disciplinary proceeding. *Cf. Blanck,* 829 N.E.2d at 511.

Although we conclude that the Superior court properly dismissed Higgason's writ for lack of subject matter jurisdiction, and therefore we need not address the merits of Higgason's claim, we would be remiss if we failed to remind Higgason of our decision in *Higgason v. Stogsdill,* 818 N.E.2d 486, 492–93 (Ind.Ct.App.2004), *trans. denied,* in which we directed Higgason to follow certain conditions when filing a lawsuit "with respect to the copying of materials at the library's expense." *See also* Ind.Code § 34–13–7–1. In his writ, Higgason claims that an employee of the correctional facility at which Higgason is presently incarcerated has denied him access to the courts by failing to provide him with copies of various legal materials. From the record, we see no evidence that Higgason has attempted to comply with the requirements imposed in *Stogsdill,* and we remind Higgason of our directions.

### Conclusion

We hold that the Superior court properly dismissed Higgason's writ of habeas corpus under Indiana Trial Rule 12(B)(1) for lack of subject matter jurisdiction.

Affirmed.

SULLIVAN, J., and BARNES, J., concur.

---

2.   42 U.S.C. §§ 12101, et seq.

3.   The section of the ADA Higgason invokes provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.